UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHALMERS A SIMPSON, JR <br><br> (Enter above the full name of plaintiff in this action) <br><br> v. <br><br> VISION PROPERTY MANAGE-MENT (2) ALAN INVESTMENTS III LLC (3) BUREAU OF CODE ADMINISTRATION <br> (Enter above the full name of the defendant(s) in this action) | CIVIL CASE NO: 1:21-CV 1205 <br> (to be supplied by Clerk of the District Court) <br><br> FILED <br> HARRISBURG, PA <br><br> JUL - 8 2021 <br><br> PER IBL <br> DEPUTY CLERK |

## COMPLAINT

1. The plaintiff  CHALMERS A SIMPSON, JR   a citizen of the County of  DAUPHIN   State of Pennsylvania, residing at  636 CURTIN STREET HARRISBURG, PA 17110

wishes to file a complaint under  28 USC 1345 and 1348   an agency
(give Title No. etc.)
and/or officer of the UNITED STATES also 28 USC 1332

2. The defendant is (1) VISION PROPERTY MANAGEMENT (2) ALAN INVEST-MENTS III LLC (3) HARRISBURG CODES ADMINISTRATION

PART (1)

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper exhibits that give further information of your case, attach them to this completed form. Use as much space as you need. Attach extra sheet(s) if necessary) On 6/23/21 plaintiff
3. (CONTINUED) _____

PART   2

arrived home at 636 CURTIN STREET in HARRISBURG, PA 17110 to find a EXHIBIT (2)(1) on his door, it said that plaintiff had received a PLACKARD which resulted due to VISION PROPERTY MANAGEMENT AND ALAN INVESTMENTS failure to continue payments for the RENTAL REGISTRATION which costs $75,00,

 2 Through plaintiff investigation at CITY HALL plaintiff did discover that defendants failed to pay almost $3,000 to keep rental registration valad, on 6/27/21 plaintiff filed a complaint against defendaNTS (1) and (2) for failure to pay and keep the registration up dated which was required by the CODES ADMINISTRATION,

CONT PART 3

1 ( 4) WHEREFORE, plaintiff prays that   Courts will ORDER a STAY from being ORDERED from his property at 636 CURTIN STREET located at HARRISBURG, PA 17110, ORDER VISION PROPERTY MANAGEMENT TO PAY THE REGISTRATION FEES AND COSTS ALSO ALAN INVESTMENTS III LLC, the COURTS will ORDER CODES to not be allowed to force plaintiff from his property until ORDER is lifted by courts, ORDER the TAX CLAIM BUREAU TO allow plaintiff to make payments until ORDER is lifted and ORDER PLAINTIFF HARDSHIP APPLICATION TO BE HONORED until lifted by COURTS:

| 6/7/2021 | *Chalresey A Simpson Jr*<br>(Signature of Plaintiff) |
|---|---|

PART 3

On 6/28/2016 plaintiff entered in a contract with VISION PROPERTY MANAGEMENT which was to pay all bills at the property and VISION PROPERTY MANAGEMENT AND ALAN INVESTMENTS WILL KEEP THE REGISTRATION UP TO DATE if not its a violation of the contract which was entered,

3 On 6/23/2021 by defendants failed to keep payments and keep the registration up to date violates the contract which all parties agreed to, after plaintiff contacted codes about the reason as to the PLACKARD being placed on the door, on 7/5/21 plaintiff filed a complaint with the ATTORNEYS GENERAL OFFICE because was attempting to make him move from the property, plaintiff tried to

2( 4) WHEREFORE, plaintiff prays that _____
CONT PART 4

Codes should be ordered to give any party which lives in a home wrather rent to own, as a tenant, and/or other persons who reside should be notified if any home owner does not pay any bills which the party fails to pay,

10 days notice is not enough time to tell a party he/she must leave any location, Also ORDER DEFENDANTS VISION & ALAN INVESTMENTS TO PAY THE AMOUNT OF $500,000,00 IN DAMAGES, TO RETURN HALF OF ALL MONEY PAID THAT PLAINTIFF PAID FOR JESSICA WHICH HE WAS FORCED TO PAY PLUS INTEREST, PLUS $3,000 FOR REGISTRATION FEES, THE $&%,}) I PAID FOR REGISTRATION:

| 6/7/21 | Chalmers A Simpson, JR. (Signature of Plaintiff) |

PART 4

file an APPEAL but was told by ANNE MONTGOMERY he can not appeal, plaintiff showed ANNE the deputy of codes and MIKEL TODD COBLE the documents that ATTORNEY GENERALS OFFICE sent to him which stated for plaintiff to HALT HIS OBLIGATIONS TO PAY THE DEFENDANT which was ordered by the court in case NO GD-19-014368,

   EXHIBIT (12) verify that plaintiff filled an application to pay for the registration which was $75,00 and still waiting for reply from BUREAU OF CODES to see if he can take over payments for the RENTAL REGISTRATION FEES,

5 On 6/7/2021 at 11:00 am plaintiff went to CODES and was told they are closed, plaintiff went over to DAUPHIN COUNTY TAX CLAIM BUREAU and was told that his letter for HARDSHIP will be reviewed and he shall receive an answer after review, by DIRECTOR MARTZ,

6 On 6/28/2021 CODES MIKEL COBLE gave an exstesion until 7/9/21, to day when plaintiff went to codes he was told they may not open until FRIDAY after the exstesion date he was given, plaintiff today 6/7/2021 went for another exstension until his hardship letter is aproved,

7 On 6/23/2021 plaintiff sent letters to VISION PROPERty MANAGEMENT, ALAN INVESTMENTS AND ATTORNEYS RICHARD SQUIRE AND BRADLEY F OSBORNE on 7/1/2021 but no one has replied to the letters requesting that they pay the fees of $3,000 which they failed to pay to up date the registration which our contract states,

8 Plaintiff has been sending the defendants the amount of $58800 each month, defendants could have easily sent the $75,00 to the CODES since they received the money each month from plaintiff since 2016 when plaintiff agreed to accept the rent to own home which he did put all his money into,

9 On 6/28/2016 Plaintiff, JESSICA DITTER and VISION PROPERTY MANAGEMENT AND ALAN INVESTMENTS entered into a contract to keep all bills payed,

10 After contract was signed JESSICA DITTER refused to pay her bills, repair any thing, and plaintiff was forced to pay all the utilities and repair his home, when requested for JESSICA(S) name be taken from the contract defendant(S) refused to and force plaintiff to pay all bills which placed him in poverty,

11 Than on 6/24/2021 plaintiff discovered defendants failed to keep the REGISTRATION UP DATED, now plaintiff is forced to pay the registration which defendants should have kept up to date,

12 Plaintiff payed the $75,00 which is required for the registration so that he can remain in his home, plaintiff has spent all his money to keep the house up dated, if defendants did not want to pay the registration they could have contacted plaintiff prior to the bill becoming almost $3,000,

13 The situation is that plaintiff should have been notified prior to the bill reaching almost $3,000 atleast the party living at the home will have known and make arrangements prior to the bill reaching that high and make arrangements,

14 Codes warning was a 10 day notice when plaintiff has a right to know earlier so he would have been able to make some type of arrangements prior to be forced out of his home;

Dated: 7/6/2021

CHALMERS A SIMPSON, JR
PO BOX 5533
HARRISBURG, PA 17110
717-317-4587