## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHALMERS A. SIMPSON, JR., | |
| Plaintiff, | CIVIL ACTION NO. 1:21-cv-01205 |
| v. | (KANE, J.) |
| | (SAPORITO, M.J.) |
| VISION PROPERTY MANAGEMENT, et al., | |
| Defendants. | |

## **REPORT AND RECOMMENDATION**

On July 8, 2021, the plaintiff, Chalmers A. Simpson, Jr., filed his *pro se* complaint in this action. (Doc. 1.) On July 13, 2021, we ordered the plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 11.) In our order, we noted the following:

> Based on the allegations of the complaint, the plaintiff and at least one defendant are citizens of Pennsylvania. No federal cause of action is apparent from the face of the complaint, *see generally* 28 U.S.C. § 1331 *et seq.*, and because the plaintiff and at least one defendant are both citizens of Pennsylvania, this Court clearly lacks diversity jurisdiction over the matter, *see* 28 U.S.C. § 1332.

(Doc. 11, at 1.)

In his response to our order to show cause (Doc. 12), the *pro se*

plaintiff contends that this court may properly exercise *personal* jurisdiction over the defendants. That may indeed be true. But it is beside the point. The question here is whether this federal district court may properly exercise *subject matter* jurisdiction. *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) (describing differences between subject matter jurisdiction and personal jurisdiction); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–03 (1982) (same). Here, there appears to be no basis for us to exercise subject matter jurisdiction over this dispute, and having been given the opportunity to do so, the plaintiff has failed to identify any.

Under these circumstances, we find it appropriate to recommend *sua sponte* dismissal of the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Although the named defendants have not been served with a summons and the complaint in this action, the Court is permitted to raise the issue of its own subject matter jurisdiction *sua sponte. See Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."); *Johnson v. United*

*States*, Civil No. 1:CV-08-0816, 2009 WL 2762729, at *2 (M.D. Pa. Aug. 27, 2009).

Accordingly, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

Dated: August 2, 2021                    **_s/Joseph F. Saporito, Jr._**
                                         JOSEPH F. SAPORITO, JR.
                                         United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

CHALMERS A. SIMPSON, JR.,

        Plaintiff,                    CIVIL ACTION NO. 1:21-cv-01205

        v.                       (KANE, J.)
                                 (SAPORITO, M.J.)

VISION PROPERTY
MANAGEMENT, et al.,

        Defendants.

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 2, 2021. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: August 2, 2021                          _*s/Joseph F. Saporito, Jr.*_
                                               JOSEPH F. SAPORITO, JR.
                                               United States Magistrate Judge

- 2 -