IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHALMERS A. SIMPSON, JR.    :    CIVIL ACTION

                      :

       V.             :    Judge Sylvia H. Rambo

                      :

VISION PROPERTY MANAGEMENT :    NO. 1:21-CV-1205
et. al.

**FILED**
HARRISBURG, PA

FEB 0 1 2022

PER_____
DEPUTY CLERK

MOTION FOR RECONSIDERATION

(CAPTION)

MOTION FOR RECONSIDERATION

TO THE HONORABLE, THE JUDGE OF THE SAID COURT:

Petitioner Chalmers A. Simpson, Jr by Himself moves the court
for reconsideration, and represents:

1) On November 9th, 2021 the court agreed with Magistrate Judges
Saporito reports and recommendations to DISMISS petitioners complaint
for lack of subject matter jurisdiction pursuant to Federal Rules of
Civil Procedue 12(b)(1),

2) The courts ORDERED objections to reports and recommendation due
on August 19th, 2021, petitioner filed motion for an exstension on
August 11th, 2021 and filed a second motion for an additional (30)
exstension on Sep tember 9th, 2021 to complete objections which the
courts ORDERED on August 2nd, 2021.

3) The courts GRANTED petitioner the exstension until October 19th,
2021 to file objections.

4) Than on October 19th, 2021 petitioner filed a motion for pre-trial
conference with the courts to present evidence because Judge Saporito
failed to review petitioners statement of jurisdiction which was file
on July 30th, 2021, see attached EXHIBIT (F)(1), along with (1)(1),
(1)(2),(2)(1),(2)(2),(2)(3),(3)(1),(4),(5), which was attached to the
statement of jurisdiction which was submitted on July 30th, 2021 to
the courts who allowed Judge Saportito to issue the REPORTS AND
RECOMMENDATION.

5) Prior to petitioner filing the complaint and Judge Saporito being allowed to issue the REPORTS AND RECOMMENDATION VISION PROPERTY MANAGEMENT and ALAN INVESTMENTS LLC. has been involved in a number of cases and are being suid by petitioner and the ATTORNEY GENERALS OFFICE which proved that court did have jurisdiction to here this case that was dismissed without prejudice on November 9th, 2021.

JURISDICTION OF THE MIDDLE DISTRICT COURT:

6) Statement of the facts:

The District Court did have jurisdiction prior to the dismissal of the complaint filed, on 3/15/2017 case NO. CV-30-2017 was filed before Judge BARBARA W. PIANKA against ALAN INVESTMENTS.

7) Judgment entered against ALAN INVESTMENTS on 4/21/2017 in the amount $3,000 by default.

8) The NOTICE OF APPEAL filed by ALAN INVESTMENTS III LLC on May 1st, 2017 Docket NO. 2017-CV-3404-DJ.

9) EXHIBIT (a)(3) which verified CAPITAL REGION WATER BILL being listed in ALAN INVESTMENTS NAME in Commonwealth of Pennsylvania NO. 10017013-0 on 11/21/2016 prior tp petitioner being listed on property.

10) EXHIBIT (a)(4) which verify CITY TREASURE TAX BILL NO 10017013-3 verify date 2016-09-06 at address 636 CURTIN STREET in HARRISBURG, PA. 17110.

11) EXHIBIT (a)(10) verify that civil complaint filed by petitioner against ALAN INVESTMENTS on 3/1/2017 listed in JUDGE BARBARA W. PAINKA COURT on 3/15/2017 NO. 2017-CV-30.

12) EXHIBIT (a)(11) verify that default judgment was given for the petitioner on 4/21/2017 for $3,000 in JUDGE PAINKA COURT DOCKET NO. MJ-12102-CV-30-2017.

13) EXHIBIT (a)(12) verify that defendants counsel BRADLEY J. OSBORNE, ESQ. filed a appeal after JUDGMENT WAS ENTERED against ALAN INVESTMENTS, III LLC on 5/5/2017.

14) EXHIBIT (a)(13) verify that defendants ALAN INVESTMENTS COUNSEL BRADLEY J. OSBORNE, ESQ. filed a Pa.R.A.P.1925(a) Opinion on 11/28/2017.

15) EXHIBIT (a)(14) verify case was listed in THE SUPERIOR COURT OF PENNSYLVANIA NO. 1641 MDA 2017 which ALAN INVESTMENTS as the APPELLEE and petitioner as the APPELLANT.

16) EXHIBIT (a)(15) verify ALAN INVESTMENTS MOTION TO QUASH APPEAL under NO. 1641 MDA 2017.

17) EXHIBIT (a)(16) verify ALAN INVESTMENTS BRIEF IN SUPPORT OF THE MOTION TO QUASH APPEAL under NO. 1641 MDA 2017.

18) EXHIBIT (a)(17) verify that petitioner V. ALAN INVESTMENTS III LLC in the SUPERIOR COURT OF PENNSYLVANIA NO. 1641 MDA 2017 CIVIL DOCKET STATEMENT FILED.

19) EXHIBIT (a)(18)(1) verify that OFFICE OF THE ATTORNEY GENERAL filed case NO. COMMONWEALTH OF PENNSYLVANIA V. VISION PROPERTY MANAGEMENT LLC et al. GD-19-014368 document dated for March 31st, 2021 document by SUSAN APEL THE Senior Deputy Attorney General. EXHIBIT (a)(18)(2).

20) EXHIBIT (a)(18)(3) verify that case name COMMONWEALTH OF PENNSYL-VANIA ATTORNEY GENERAL V. VISION PROPERTY MANAGEMENT (LISTED NO.1 and ALAN INVESTMENT III LLC is LISTED as NO. 6) Docket NO. GD-19-014368.

21) EXHIBIT (6)(1) verify that TAX CLAIM BUREAU list ALAN INVESTMENT as party who owns property at 636 CURTIN STREET under TAX NO. 10-17-013 which petitioner paid $500.00 on 11/5/2021.

22) EXHIBIT (6)(2) verify that agreement was made by petitioner and TAX CLAIM BUREAU on 8/3/2021 to allow petitioner to pay taxes off which was and has been behind due to VISION PROPERTY MANAGEMENT AND ALAN INVESTMENTS failure to keep back taxes paid.

23) EXHIBIT (6)(3) verify that defendants taxes was behind for $3,000 and interest was added on each month, and EXHIBIT (6)(4) verify that petitioner made agreement to pay taxes on 8/3/2021 due to ALAN INVEST-MENTS and VISION PROPERTY MANAGEMENT failure to pay taxes.

24) EXHIBIT (7) verify that on October 19th, 2021 a hearing was held before JUDGE Christine Ward who entered JUDGMENT by DEFAULT against VISION PROPERTY MANAGEMENT LLC AND ALAN INVESTMENTS III LLC, and

25) EXHIBIT (12) verified that petitioner was forced to pay the rental unit registration on 6/25/2021 and was forced to pay the $75.00 to live in his home, and,

26) EXHIBIT (13) verify that petitioner payed by money order to pay the

REGISTRATION to the CITY TREASURER OFFICE which is located in the City of HARRISBURG, County of Dauphin which is located in Pennsylvania, 27) and EXHIBIT (14) verify that after payment was made by money order to the Dauphin County Codes Administration for $75.00:

JUDICIAL MISCONDUCT:

28) EXHIBIT (b)(1) will verify that on 12/19/2017 petitioner filed a complaint against defendants employed by Pa. Board of Probation and Parole,

29) Then on 9/5/2018 Judge Joseph F. Saporito gave order to complete the discovery by 12/4/2018 which was not completed for the following reasons:

30) On 11/30/2018 Attorney Daniel Gallagher who represents the Pa. Board of Probation and Parole et al filed Motion to Exstend Time of Discovery,

31) Judge Saporito gave defendants until 2/2/2018, than Counsel Gallagher requested a second exstension on 1/30/2019, Judge Saporito gave defendant(s) until 3/19/2019,

32) Than 3/1/2019 Counsel Gallagher filed 3rd Motion for discovery petitioner agreed for the continuance/exstension, Judge Saporito than gave defendant(s) until 4/19/2019,

33) Than 4/18/2019 Counsel file Motion for Exstension for Discovery a Fourth time, Judge granted ORDER on 4/19/2019 and gave defendant(s) until 6/19/2019,

34) Than 5/16/2019 defendant(s) filed Motion to Compel discovery for Deposition of Petitioner and ordered petitioner to appear at the office of Counsel within 30 days from the date,

35) Than on 5/20/2019 the Judge ORDERED petitioner to appear for the Office of the Attorney General for a Deposition and allow petitioner to be questioned but petitioner still was not given the requested documents he requested thru discovery.

36) Prior to being ORDERED to the Attorney Generals Office to be questioned by Counsel Daniel Gallagher petitioner requested documents and Daniel Gallagher kept filling motions for exs tension instead of

forwarding the requested documents which is part of the discovery, see Hub V. Sun Valley Co. 682 F.2d 776, 778 (9th Cir. 1982), where the depostion testimony would help facilitate proceedings.

37) On 5/20/2019 petitioner filed motion to compel discovery to Judge Saporito which was denied on 6/4/2019.

38) On 5/21/2019 Counsel Daniel Gallagher was ORDERED to file BRIEF to opposition to petitioners motion to compel, on 5/31/2019 Daniel Gallagher filed motion for exstension instead of brief to petitioners motion to compel.

39) On 6/17/2019 Judge granted exstension for Counsel to file brief to petitioners motion to compel.

40) On 6/17/2019 Counsel filed a 6th motion for exstension for to complete discovery instead of forwarding documents.

41) On 5/29/2019 petitioner filed motion to compel deposition of the deposition of the defendants.

42) On 6/3/2019 Judge issued ORDER and allowed Counsel time to respond to motion to motion to compel discovery.

43) On 6/4/2019 Judge gave order DENIED petitioners motion to compel the deposition of the defendants.

44) On 6/17/2019 Counsel filed BRIEF IN OPPOSITE to motion to compel, Discovery.

45) On 6/18/2019 Judge gave ORDER for motion for exstension of time to complete discovery filed by Counsel.

46) On 6/19/2019 petitioner filed exstension for deposition to courts.

47) On 6/20/2019 Judge gave ORDER discovery dead line filed by Counsel to 7/18/2019 and ORDERED clerk to refuse petitioner 10 Subpoena(s) in blank.

48) On 7/8/2019 petitioner filed BRIEF IN SUPPORT motion to compel discovery.

49) On 7/15/2019 petitioner submitted CHECKS for appearance at DEPOSITION TION to JUDGE SAPORITO and COUNSEL for deposition.

50) On 7/23/2019 petitioner filed request for subpoena(s).

51) On 7/24/2019 Counsel filed a Motion for Protective Order.

52) On 7/26/2019 Judge Saporito gave ORDER DENIED petitioner rights to Subpoena(s) and ORDERED clerk to deny petitioner any subpoena(s).

53) On 7/26/2019 petitioner filed Motion to Compel Discovery.

54) On 7/26/2019 petitioner received ORDER issued by Judge Saporito that Motion to Compel is GRANTED, and ORDERED Counsel Gallagher to release and produce copies of the electronic audio recordings of January January 29th, 2016 preliminary and detention hearing but not other recordings which petitioner had requested of recordings which was requested as part of discovery.

55) On 8/2/2019 Judge Saporito gave ORDER deny motion to deny the petitioners motion to deny defendants protective order motion and the subpoena(s) issued was QUASHED and courts gave order for petitioner to SHOW CAUSE as to why he shall not be sanctioned for fraudulent use of civil process which he did not do.

56) On 8/2/2019 petitioner motion to continue the deposition was denied and stated that defendant(s) may reschedual and re-notice the deposition of plaintiff plaintiff to be taken within (14) days ORDER signed by the Judge Saporito.

57) On 8/6/2019 petitioner filed Motion for In Court Hearing conference.

58) On 8/14/2019 Judge Saporito gave ORDER DENIED the in Court Hearing Conference without prejudice.

59) On 8/14/2019 petitioner filed motion for sanctions for failure to release discovery as Courts ORDERED.

60) On 8/26/2019 defendant(s) Counsel filed motion to dismiss for a failure to obey court order.

61) On 8/26/2019 Judge Saporito issued ORDER deadline exstended until (21) days after disposition of defendants.

62) On 8/28/2019 petitioner/plaintiff filed motion for CHANGE OF VENUE

63) On 8/29/2919 Judge Saporito issued ORDER denied plaintiff change of VENUE MOTION.

64) On 8/29/2019 plaintiff submitted to courts NOTICES of defendant(s) DEPOSITIONS.

65) On 9/9/2019 Counsel Gallagher submits BRIEF IN SUPPORT of motion to DISMISS for failure to obey court order.

66) On 9/13/2019 Counsel submits Supplement to Motion to Dismiss.

67) On 9/20/2019 Plaintiff filed MOTION for exstension to file BRIEF to failure to obey court order.

68) On 9/23/2019 Court gave ORDER granting plaintiff motion for an exstension.

69) On 12/30/2019 plaintiff filed Motion for exstension to File BRIEF to defendants failure to obey court order.

70) On 1/2/2020 Court gave ORDER granting plaintiff Motion for an Exstension to file response and ordered plaintiff to file a response to show cause why he shall not be sanctioned.

71) On 2/13/2020 plaintiff filed NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT NO. 20-1332.

THE FOLLOWING REASONS RECONSIDERATION SHALL BE GRANTED:

72) On July 8th, 2021 petitioner filed Complaint against defendant(s) VISION PROPERTY MANAGEMENT and ALAN INVESTMENTS III LLC and other defendants, on July 12th, 2021 courts GRANTED petitioner leave to proceed in forma puaperis and stated complaint must be screened pursuant to 28 U.S.C. 1915(e)(2).

73) After complaint was filed courts allowed JUdGE JOSEPH F. SAPORITO to screen the complaint, prior to courts allowing JUDGE SAPORITO to screen the complaint Judge Saporito was ware that he was involved in case NO. C.A. NO. 20-1332 which was in UNITED STATES COURT OF APPEAL FOR THE THIRD CIRCUIT and should have not been allowed to do any type of determination in case NO. 1:21-CV-01205.

74) On July 12th, 2021 Courts allowed Judge Saporito to give the determination and order plaintiff to show cause that the action should be dismissed for lack of subject matter jurisdiction, than after courts allowed Judge Saporito to give the determination to the complaint the courts allowed UNITED STATES DISTRICT JUDGE Sylvia H. Rambo to except jurisdiction of the case.

75) On November 9th, 2021 the courts issued an ORDER and dismissed plaintiff(s) complaint without prejudice for lack of subject matter jurisdiction which resulted from Judge Saporito determination and determination which is:

76) And was a violation of the Constitution of the Commonwealth and Constitutions of law of the United States which in this case is in the truth process.

77) By allowing Judge Saporito giving the determination it was improper, obstruction by government official and plaintiff has a right to the reconsiderationwhere a meritorious appealable issues exist and is available for reconsideration.

78) The Discovery is the important part of the civil process, evidence has been presented verify that courts did have jurisdiction since the plaintiff filed other complaints against VISION PROPERTY MANAGEMENT and ALAN INVESTMENTS, see EXHIBITS (a)(10)(1), NO. CV-30-2017, (a)(10)(2) NO. 2017-CV-3404-DJ, and (a)(13), (a)(14) NO. 1641 MDA 2017,and THE COMMONWEALTH OF PENNSYLVANIA V. VISION PROPERTY MANAGEMENT NO. GD-19-014368 filed by the ATTORNEY GENERALS OFFICE.

79) Any judge shall disqualify himself, see 28 U.S. Code 455 in any proceedings in which his impartially might be questioned, he shall disqualify himself when he can not be impartial, personal bias and/or is prejudiceconcernsabout plaintiff.

80) See 203.1 ⁺laintiff has a right to move that Judge JOSEPH F. SAPORITO recuse himself on the grounds of prejudice, plaintiff has a right and is entitled to a fair trial and was denied discovery in case NO. 1:17-CV-02343, evidence can be presented that when Daniel Gallagher stated evidence was destroyed for discovery plaintiff had a right to question defendants about evidence that was recorded but Judge Saporito denied plaintiff his right to subpoena(s), but the Judge ORDERED clerk not to give plaintiff subpoena(s) to order documents which plaintiff has a right to.

81) Plaintiff is entitled to a fair trial, plaintiff was entitle to a judge who over see his case to be impartial, see Caerton V. A.T. Massey Coal Co. 556 U.S. 868 (2009); Hope V. Charlotte-Mecklenburg Bd. of Educ., 110 N.C. App. 599 (1993).

LEGAL ANALYSIS:

82) Judge Saporito took jurisdiction of a case involving PA. BOARD OF PROBATION AND PAROLE, see EXHIBIT (C)(1)(1) on December 19th, 2017 plaintiff file case against defendants, Judge excepted jurisdict-of the case, plaintiff and defendant(s) thru Counsel Daniel Gallagher started discovery which the judge involved a personal issue with, the

83) Evidence courts can rely on is in Docket NO. 1:17-CV-02343, after case was filed Counsel was allowed to keep filing continuances, denied plaintiff recordinds which will prove plaintiff name was forged on documents, hearing was held pass the 14 day deadline, plaintiff was denied motion to file sanctions, denied subpoena(s) to subpoena evidence and refused his right to have any deposition, PLAINTIFF filed motions for a order defendant(s) to release recordings of all hearings, Counse gave one recording which was tampered with, counsel Daniel Gallagher gave plaintiff evidence which was a CD/DVD and plaintiff took the evidence to a computor store and after evidence was placed on a player it was a blank recording the CD/DVD was never used are recorded on, plaintiff filed sanctions with judge Saporito and motion for SANCTIONS WAS DENIED JUDGE SAPORITO conspired to have plaintiff case dismissed on purpose, allowed counsel Daniel Gallagher to file continuance after Continuance and after plaintiff filed motion for change of venue he denied that an had plans to dismiss my case working with Counsel Daniel Gallagher not being impartial but sided with Counsel.

83) See complaint and all filings in case NO. 1:17-CV-2343 which will verify judicial misconduct in both of these case before this court.

84) The records which should have been disclosed those documents have to do with a case should have been disclosed, when Daniel Gallagher said the records was destroyed plaintiff had all right to question the defendant(s) to prove his case but judge Saporito denied plaintiff his right to question the defendant(s), not allowed the deposition, even after plaintiff hired his own stonagapher for the deposition, he arrived at the Attorney Generals door at STRAW BERRY SQUARE and was told bythe security personnel plaintiff was not allowed in for his deposition.

85) Daniel Gallagher stated plaintiff never came to the deposition, an plaintiff filed sanctions which judge denied,

THE QUESTION:

86) The recording of all parole meetings are records, directly related to the case, see EXHIBIT (C)(1)(1), all records which will identify a statement related to discoveryplaintiff had a right to and was denied by JUDGE SAPORITO AND DANIEL GALLAGHER.

87) The evidence which plaintiff attempted to get from Daniel Gallagher was directly related to the case, recordings which stated "I was not signing the continuance when the hearing examiner threatened me to sign the continuance" and at another hearing which was pass the (14) days, see EXHIBIT (E)(1) which verify the rules of PROCEDURE FOR THE VIOLATIONS OF PAROLE CONDITIONS 71.2:

(1) After plaintiff was detained December 12th, 2015 on the BOARD WARRANT a hearing must be held within (14) days, under (1)(ii)and if the PAROLE/ plaintiff does not have counsel, see (5)(iii) counsel was not present and the hearing examiner refused to terminate the hearing which was a violation of plaintiff rights, see attached:

88) See EXHIBIT (1)(1), plaintiff arrived at SCI CAMP HILL CORRECTIONAL FACILITY ON DECEMBER 12th, 2015, see EXHIBIT (a)(1)(3) first hearing was held on 1/8/2016 which would have been (13) days, there was recordings made of each hearing held, at each hearing the hearing examiner plaintiff watched the hearing examiner push the recorder button on to record the hearing which was being held.

89) Plaintiff requested all recordings which was made on 1/8/2016, and 1/25/2016 and 1/29/2016 and all other hearings held while he was held at SCI CAMP HILL and was denied the recordings which was held.

90) See EXHIBIT (a)(1)(3) and (a)(1)(4)and (1) and (2)and (D)(8) and (a)(2)and (1)(1) and(2)(1) and (3)(1) and at the first hearing recording was made plaintiff told the hearing examiner he has a attorney, at the second hearing plaintiff gave a copy of RULE OF PROCEDURE OF ˙VIOLATION OF PAROLE CONDITIONS and requested PAROLE VIOLATION CHARGE be dismissed for failure to hold hearing under 71.2 within (14) days because violation are waived.

91) See EXHIBIT (E)(1) Rule 71.2 (5)(iii) If Counsel is not present but the PAROLEE desires counsel, it should have been documented by HEARING EXAMINER, the HEARING EXAMINER shall terminate the proceedings but the hearing shall be held within (14) days under the rules.

92) The facts are the hearing was not held in (14) days, at each of the hearings held there was recordings made, each hearing held the hearing examiner recorded the whole hearing, plaintiff through discovery did

request copies of the recording, counsel kept filing motions for contin-
uances, than plaintiff tried to use subpoena(s) the Judge Saporito did
denied plaintiff on EXHIBIT (b)(1) 7/26/2019 plaintiff requested the
subpoena(s), on 8/2/2019 the JUDGE SAPORITO not Counsel QUASHED the
subpoena(s), and on 7/26/2019 plaintiff filed motion to compel discovery,
and on 7/26/2019 judge gave order for counsel to release the audio, but
counsel gave plaintiff a blank CD/DVD with nothing on the disk he gave
to plaintiff, counsel would not give and/or allow plaintiff to question
the defendants and he stated that.

93) See EXHIBIT(S) (d)(1) thru (d)(8) where plaintiff over and over
continue to question the defendant(s), counsel stated he did not have
recordings of each hearing, when that feld, he gave plaintiff blank
CD/DVD and stated that was the recordings, if counsel did not have the
recordings of each hearing than plaintiff has a right to question each
defendant who was sent exhibit(d)(2)(1) and (d)(2)(2) which was contact-
but was contacted by counsel and ordered not to appear, plaintiff sent
each defendant EXHIBIT (d)(2)(1) and (d)(2)(2), on the date plaintiff
arrived at the ATTORNEY GENERALS OFFICE no one came, not even the
stonographer showed up for the deposition which plaintiff arrange.

94) On 8/14/2019 plaintiff filed motion for sanction and on 8/14/2019
motion for in court hearing which was denied on 8/14/2019 and on 8/28/19
plaintiff filed motion for change of venue which was denied on 8/29/
2019.

95) On 2/13/2020 plaintiff was forced to file an APPEAL because both
DANIEL GALLAGHER AND JUDGE SAPORITO are conspiring to deny plaintiff
his right to a fair trial.

ORDER WHICH DENIED PLAINTIFF(S) MOTION FOR SANCTIONS:

96) This case before this court, motion to sanction Daniel Gallagher
for witnesses who plaintiff has a right to depose as part of the
discovery in this case, giving plaintiff CD/DVD which he tampered
with and pretended there was recordings on the documents but after
recordings was taken to two stores plaintiff was told they was blank
never used.

97) During plaintiff confinement he was subject to cruel and unusual
punishment, detained, violated his rights to personal freedom, and
due process by refusing his medication while confined, Amy Burrell
confined plaintiff for no reason, there was tapes made of each hearing
which was held, plaintiff was there, he was a witness to the recordings
being made, Amy Burrell is a witness to the recordings being made, but
Counsel Daniel Gallagher was not a witness nor was Judge Saporito a
witness to recordings, that would mean if the only witnesses are being
with held from appearing for a deposition by counsel Daniel Gallagher,
and Judge Saporito refused to allow plaintiff to use SUBPOENA(S) to
force defendant(s) to appear for a deposition but plaintiff was denied
that right,

98) Plaintiff allegation are sufficient to show the context in which
the context in which the deposition occured and out of which plaintiff
motion for sanctions arises.

99) Since Counsel Daniel Gallagher misplaced recordings, he claimed
he does not have recordings therefore the witnesses who are defendant(s)
must be allowed to appear, the right to confront witnesses who was
located while recordings was made at all hearings which was held.

100) Plaintiff seeks an order that Counsel Daniel Gallager be sanction-
ed and that the courts order the deposition of the defendant(s) be
reschedualed so that the examination can be conducted fairly and in
the spirit of the federal rules of discovery.

ANALYSIS:

101) If parole agent AMY BURRELL, the HEARING EXAMINER and PLAINTIFF
are the only witnesses to recordings being made at SCI CAMP HILL and
if DIRECTOR LISA MOZART, AGENT MATT SHEAFFER, are the only witnesses
of hearings held at the PAROLE OFFICE on HERR STREET, and if PAROLE
AGENT BILL HANNA, the SECOND HEARING EXAMINER is the only witness to
defendants with holding plaintiff property while he was illegally
being incarcerated, and if KAREN REISS is the only witness to letters
being sent to only her not DANIEL GALLAGHER plaintiff has a right to
hold a deposition and question the witnesses which was denied by both
DANIEL GALLAGHER AND JOSEPH F. SAPORITO by refusing plaintiff the right

to use SUBPOENA(S) and hold a deposition.

102) ANALYSIS:

LAW GOVERNING DEPOSITION:

"the courts can impose appropriate sanctions including fees incurred by
any party who impedes, delays, or frustrates the fair examination of a
deponent, see Fed.R.C.P. 30(d)(2) because he denied plaintiff the right
to question defendant(s)," DANIEL GALLAGHER represented the defendant(s)
which are witnesses in this case, when plaintiff tried to hold the
deposition, had a stanographer ready, arrange the date of the deposit-
ion, showed up for the deposition and DANIEL GALLAGHER ordered the
security guard not to allow plaintiff in the ATTORNEY GENERALS OFFICE
on the 15th Floor at STRAW BERRY SQUARE in HARRISBURG, he DANIEL GALLAG
HER each time plaintiff tried to hold deposition DANIEL GALLAGHER said
plaintiff will not have a deposition until the courts rule on his motion
to dismiss which he had no right.

103) DANIEL GALLAGHER never filed any objection with the courts, he never
filed a motion reason why plaintiff can not have a deposition, he never
object "concisely in a nonargumentative and nonsuggestive manner," see
Fed.R.C.P. 30(c)(2) where "objection is a category that includes objection
to leading questions, lack of foundation, assuming facts not in evidence,
lack of personal knowledge, speculative, asked and answered, arguementa-
tives and compound questions," see Sec. Nat 1 Bank of Sioux City, Iowa v.
Abbott Labs., 299 F.R.D.595, 601 (N.D. Iowa 2014), also see Mayor & City
Council of Baltimore V. Theiss, 354 Md. 234, 729 A.2d 965, 976 (1999),
where attorney DANIEL GALLAGHER by telling witnesses not to appear for the
deposition, instruct the witness not to appear for questioning, Counsel
DANIEL GALLAGHER denied plaintiff his right to the deposition to question
the witnesses,

APPLICATION OF LAW TO FACTS OF THIS CASE:

104) DANIEL GALLAGHER did commit DISCOVERY ABUSE which was serious concern-
ing legal community, see BELL ATL.CORP. V. Twombly, 550 U.S. 544, 559 (2007)
plaintiff filed for sanction, JUDGE SAPORITO refused to impose on DANIEL

GALLAGHER, see Sec. Nat 1 Bank, 800 F.3d at 942 (citing Matter of Yagman, 796 F.2d 1165, 1182 (9th Cir. 1986),

105) Attorney DANIEL GALLAGHER is bound by the law and in conformity with the codes of proffessional responsibility, Daniel Gallagher was accused of acting improperly, see In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 191 (3d Cir. 2002).

DEPOSITIONS:

(1) Criminal Cases (a) Depositions may be taken upon the service of a Subpoena(s) or written notice of taking of the deposition, see RULE 15 (a)(1) the courts can grant a motion which was filed to SAPORITO be- of DANIEL GALLAGHERS ACTION in the interest of justice, plaintiff, on MAY 20th, 2019 plaintiff filed MOTION TO COMPEL DISCOVERY because the defendants refused to appear for deposition, DANIEL GALLAGHER refused plaintiff his right to hold a deposition, see EXHIBIT (d)(8),

106) See Rule 15(b) Notice: Plaintiff gave a reasonable time to take the defendant(s) deposition, the time and location of the deposition, see subdivision (a) which did provide that government allow deposition in the interest of justice to preserve evidence to use for trial, the method of pretrial discovery see Rule 16, see (d)(7) where DANIEL GALLAGHER forward NOTICE TO DEFENDANT(S) of REQUEST FOR DISCOVERY and (INTERROGATORIES AND REQUEST FOR DOCUMENTS), sent on 6/1/2019 which DANIEL GALLAGHER refused to reply, did not answer and denied plaintiff right to discovery.

DISCOVERY AND DEPOSITION:

107) Deposition and DISCOVERY are essential for every litigator, plaint- iff as well as attorneys are required to take a deposition, discovery is part of every case, interrogatories and discovery are to identifying documents and individuals,

108) DANIEL GALLAGHER AND JUDGE SAPORITO denied plaintiff his right to
a) Deposition,
b) Discovery,
c) Trial testimony,

d) Admissions,

e) Impeachment at trial,

f) Refreshing recollections,

g) Learning new facts,

h) Confirming facts already known,

i) Credibility,

j) Locking in facts,

SCOPE:

CPLR 3101(a) provides there will be full disclosre of all matters material and necessary in the an action, see Allen v. Crowell-Collier Pub. Co., 21 NY2d 403, 406, where material is sound discretion, see Andon ex rel Andon v. 302-304 Mott Street Associates, 94 NY2d 740 (2000) see CPLR 3113(c) where EXAMINATION AND CROSS EXAMINATION of deponents shall proceed as permitted in the trial of an action, see CPLR: DEPOSIT-IONS I.CPLR 3106-3117 contain the rules and II. CPLR 3106 where notice to take depositions, CPLR 3111 where production of papers, things, any witnesses, notice of subpoenas, CPLR 3113 the conduct of a deposition, examination, deponents shall proceed and permitted in a action, see Slater v. Adamo, 92 NY2d 1100 (4th Dept. 1995).

109) See, Zilken v. Leader, 23 AD2d 645 (1st Dept. 1965) where motion of plaintiff was granted, to have deposition taken on written questions, see Rogovin v. Rogovin, 3 AD3d 353 (1st Dept. 2004) where deposition was permitted where the defendant deponent was the sole care giver for her ailing nonagenarian mother and had a special needs 10-year-old daughter, see Kirama v. New York Hospital, 13 Misc.3d 1246(A), 831 NYS2d 360 (Sup. Ct., NY County, 2006), where court allowed video teleconferencing depos-ition of plaintiff, over the objection of defendants, see Gartner v. Unified Windows, Doors & Siding, Inc., 68 AD3d 815 (2nd Dept. 2009) where the Columbian residents were unable to come to NEW YORK for depositions, the courts gave defendants counsel three choices at the expenses of the plaintiff, retain counsel in Columbian, use written question and/or video conference for deposition, see CPLR 3113(d) at plaintiff expense, and see In Chen v. Zhi, 2011 NY Slip O 01267 (2nd Dept. 2011) where the courts held that the lower court improvidently exercised its discretion in deny-

ing the plaintiff cross motion for a protective order, where the plaint
iff demonstrated that traveling from China to the US for the deposition
would cause undue hardship, therefore courts permitted deposition to be
conducted by remote electronic means, prior to filing motion for sanct-
ions and motion to compel discovery plaintiff sent counsel money order
to pay for fees and costs for transportation for defendants to travel
to the deposition from HARRISBURG DISTRICT OFFICE AT 1130 HERR STREET
HARRISBURG, PA. 17103 to deposition at OFFICE OF THE ATTORNEY GENERAL
15th, FLOOR, STRAW BERRY SQUARE HARRISBURG, PA. 17120, after plaintiff
sent ATTORNEY DANIEL GALLAGHER the money order for the fees and costs
for defendant(s) transportation to the deposition, counsel DANIEL GALLA-
GHER sent plaintiff the money back and refused the deposition for the
plaintiff to question them.

FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION:

110) DANIEL GALLAGHER AND JUDGE JOSEPH F. SAPORITO, JR. violated the
first section which includes Citizenship Clause, Due Process Clause, the
Due Process Clause prohibits state and local governments from depriving
plaintiff of life, liberty and property without a fair procedure, DANIEL
GALLAGHER IS DEPUTY ATTORNEY GENERAL AND JUDGE SAPORITO is the UNITED
STATES MAGISTRATE JUDGE, the Supreme Court did rule that this clause made
it applicable to state and federal government requires each to provide
equal protection under the law to all people as well as plaintiff, see
PERRY V. UNITED STATES (1935), ALSO SEE CITY OF BOERNE V. FLORES (1997),
SEE Section 1 of the AMENDMENTS define UNITED STATES CITIZENS as plaintiff
protection under his civil rights denied by state employees.

CIVIL RIGHTS:

OVERVIEW:

111) The civil rights is an enforceable right and DANIEL GALLAGHER and
JUDGE SAPORITO give rise to an action in court, UNITED STATES COURT OF
THIRD CIRCUIT U.S. COURT HOUSE, DUE PROCESS under the Fifth AMENDMENT
states that the federal government and state and local government will
not deprive plaintiff of life, liberty and/or property without due process

of law to the Fourteenth Amendment which obligates federal and state
governments, see BARRON V. CITY OF BALTIMORE (1833), also CHICAGO,
BURLINTON & QUINCY RAILROAD COMPANY V. CITY OF CHICAGO (1897), the
due process requirment of the Fourteenth Amendment if violated gives
rise to EQUAL PROTECTION:

EQUAL PROTECTION:

112) EQUAL PROTECTION which ment that the government may not deny
plaintiff equal protection of the government laws, courts must treat
plaintiff in this case in the same manner as the other courts did
treat plaintiff,

U.S. CONSTITUTIONS:

113) The FIFTH AMENDMENTS DUE PROCESS CLAUSE requires the UNITED
STATES government to give equal protection, the FOURTEENTH AMENDMENT
equal protection clause requires federal and state to practice equal
protection,

EQUAL PROTECTION ANALYSIS:

114) DANIEL GALLAGHER AND JUDGE JOSEPH SAPORITO did violate plaint-
iff rights which is guarateed equal rights, plaintiff has a right to
file a complaint,

EQUAL PROTECTION CLAUSE:

115) DANIEL GALLAGHER AND JUDGE JOSEPH F. SAPORITO, JR. denied the
plaintiff his rights under EQUAL PROTECTION CLAUSE which is part of
the first section of the FOURTH, FOURTEENTH AMENDMENT to the UNITED
STATES CONSTITUTIONS, the clause took effect in 1868 and provides
"NO STATE FEDERAL AND/OR STATE" shall deny any person within its
jurisdiction the equal protection of the laws and it "mandates that
all people are equal and shall be treated within the laws," the clause
was the basis for BROWN V. BOARD OF EDUCATION(1954) also in OBERGEFELL
V. HODGES, ALSO SEE BOILING V. SHARPE (1954), where the DUE PROCESS
CLAUSE of the Fifth Amendment imposes equal protection rights.

28 U.S. CODE 455-DISQUALIFICATION OF JUDGE SAPORITO:

116) See 28 U.S. Code 455 (a) If Judge of the UNITED STATES shall
disqualify himself in this procedure if he was involved in a separate
case, he should not been allowed involved in this case, if he new that
plaintiff filed another case against him in higher court, where he has
a personal bias, prejudice concerning plaintiff and is prejudice against
plaintiff denied plaintiff his right to deposition of defendants.

203.1 RECUSAL OF JUDGE:

117) All plaintiff and defendant(s) are entitled to a fair trial which
requires a judge to over see the trial be completely impartial, see
Caperton v. A.T. MASSEY COAL CO. 556 U.S. 868 (2009), also HOPE V.
CHARLOTTE-MECKLENBURG Bd. of Educ., 110 N.C. App. 599 (1993).

HEARING AND BURDEN OF PROOF:

118) On 11/12/2021 case NO. 20-1332 was filed in UNITED STATES COURT OF
APPEAL against DANIEL GALLAGHER and JUDGE JOSEPH F. SAPORITO, JR. due to
judicial misconduct, denied discovery and denied deposition, see EXHIBIT
(C)(1)(1) plaintiff filed CASE NO. 1:17-CV-2343 against Pa. BOARD OF PROB-
ATION AND PAROLE, on the date when plaintiff filed case NO. 1:17-CV-2343
JUDGE SAPORITO took over case, case NO. 20-1332 when filed JUDGE SAPORITO
new case was filed where he was involved in with DANIEL GALLAGHER for the
judicial misconduct, on EXHIBIT (b) and (b)(1) NO. 68 plaintiff filed
MOTION FOR CHANGE OF VENUE AND VENIR which was denied due to judicial
misconduct by JUDGE SAPORITO, plaintiff filed change due to both DANIEL
GALLAGHER AND JUDGE SAPORITO did conspire to have plaintiff case dismiss,
119) JUDGE SAPORITO had plans to dismiss plaintiff case against VISION
PROPERTY MANAGEMENT and other defendants which he did, Judge Saporito
new the date when CASE NO. 1:12-CV-01205 was filed he was involved in
case NO. 20-1332 with DANIEL GALLAGHER which verified he should have
recused himself, see STATE V. HILL, 45 N.C. App. 136 (1980), and In re
Braswell, 358 N.C. 721 (2004), and see In re Martin, 302 N.C. 299 (1981).
see also In re Nowell, 293 N.C. 235 (1977) where judge can not reside

over a case if he is being accused of judicial misconduct in another case, and finally:

120) DANIEL GALLAGHER AND JUDGE JOSEPH F. SAPORITO, JR. new that DISCOVERY was an important part of in civil litigations, see HUB V. SUN VALLEY CO., 682 F.2d 776, 778 (9th Cir. 1982), out court statements offer the truth of the matter asserted, see Fed.R.Evid. 801 and 802, see RULE 32(a)(8) where deposition testimony from prior proceedings can be admissiblecourt and/or parole hearings held could have been used at later date, EXHIBIT (b) and EXHIBIT (b)(1) which verify that JUDGE SAPORITO should have been allowed to determine the out come of this case and give a determination prior to dismissal of case against VISION PROPERTY MANAGEMENT,

121) Information was given that courts does have jurisdiction of this case prior to JUDGE SAPORITO ' ruling on this case, this action before this court for reconsideration which presents issues of law,

WHEREFORE, it is requested that reconsideration to be reviewed and granted.

Dated: 11/10/2021

*Chalmers A. Simpson, Jr.*

CHALMERS A SIMPSON, JR.
P.O. BOX 5533
HARRISBURG, PA. 17110
717-317-4587

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


CHALMERS A SIMPSON, JR          :

                                :        CIVIL ACTION

            V                   :

                                :        (JUDGE SAPORITO, MJ)

VISION PROPERTY MANAGEMENT:              NO 1:12-CV-01205
et al


ORDER


AND NOW, this___day of_____,2021, IT IT HEREBY

ORDERED, the above captioned matter is hereby:



___GRANTED



___DENIED



_____
                                                    J

## PROOF OF VERIFICATION OF SERVICE

I Chalmers A. Simpson, Jr do hereby verify that any statements made herein are true and correct to the best of my ability information, knowledge and belief; and that any false statements made herein are made subject to the penalties of section s of 18 Pa. C.S. 4904 related to unsworn falsification to authorities.

Dated: 11/10/2021

_Chalmers A. Simpson, Jr_

CHALMERS A. SIMPSON, JR.

## PROOF OF CERTIFICATION OF SERVICE

I Chalmers A. Simpson, Jr. do hereby certify and verify that a true and correct copy has been served to:

VISION PROPERTY MANAGEMENT
4668 Augusta Road
LEXINGTON, SC 29073

ALAN INVESTMENTS III LLC
61 BERRY HILL ROAD
Ste 200
COLUMBIA, SC 29202
or
PO BOX 488
COLUMBIA, SC 29202

DEPT OF CODES ADMINISTRATION
10 N SECOND STREET
2nd FLOOR/ROOM 205
HARRISBURG, PA 17101

Dated: 11/10/2021

_Chalmers A. Simpson, Jr_

CHALMERS A. SIMPSON, JR.
P.O. BOX 5533
HARRISBURG, PA. 17110
717-317-4587