Filed on 12/19/2017 copy

Exhibit (C)(1)(1)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** CHALMERS A. SIMPSON, JR. P.O. Box 5533 Harrisburg, Pa. 17110

**DEFENDANTS** (1)Pa. Board of Probation Parole, (2) Agent Amy Burrell,(3) Director Lisa Mozart, (4) BILL HANNA, (5) Karen Reiss (6) MATT SHEAFFER (7) Hearing Examiner

**(b)** County of Residence of First Listed Plaintiff  Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* None

Attorneys *(If Known)* Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | [X] 440 Other Civil Rights | Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violation of Pa. Board Probation Rules No. 7.2 and 7.3/ VI cause of action.
Brief description of cause:
No. (3)Director place monitoe w caused blood clots, No. (2) Lied which incarcerated plaintiff, No. (1) Due Proc. Viol.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ $500,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 12/16/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHALMERS A. SIMPSON, JR.

(Enter above the full name of plaintiff in this action)

v.

1. Pa. BOARD PROBATION/PAROLE

2. Parole Agent Amy Burrell

3. Director Lisa Fozart

4. Parole Agent Bill Hanna

5. Parole Karen Reiss
6. Parole Agent Matt Sheaffer
7. Parole Hearing Examiner

CIVIL CASE NO: 1:17-CV-2343
(to be supplied by Clerk of the District Court)

FILED
HARRISBURG, PA

DEC 19 2017

Per _____
Deputy Clerk

## COMPLAINT

1. The plaintiff  Chalmers A. Simpson, Jr.  a citizen of the County of Dauphin  State of Pennsylvania, residing at P.O. Box 5533 Harrisburg, Pa. 17110

wishes to file a complaint under  28 U.S.C. 1331, under the United States Constitutions and/or Federal laws a Federal question case.
(give Title No. etc.)

2. The defendant is  Employee of Dauphin County, State employees, a Corporation, under laws of the state, has place of business in this state of Harrisburg Pennsylvania.

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper exhibits that give further information of your case, attach them to this completed form. Use as much space as you need. Attach extra sheet(s) if necessary)  1. On December 22nd 2015

3. (CONTINUED) Parole Agent Bill Hanna met with Plaintiff, prior to the meeting plaintiff did not know why he had been placed in SCI Camp Hill Correctional Facility.

2. After plaintiff and Bill Hanna met he stated that plaintiff will have a hearing on 12-24-15 at 9:00 a.m.

3. Prior to Bill Hanna leaving he gave plaintiff a copy of his violations which he was accused of by Agent Amy Burrell, after he plaintiff reviewed the violations that he was accused of he discovered Amy Burrell accused him of:

a. Condition (3)(a):

Maintain regular contact with agent, supervision staff by reporting regularly as instructed and follow any written instructions o of the Board and parole supervision staff, and      CONT. (b):

4. WHEREFORE, plaintiff prays that Judgment in the amount of $500,000.00 from Pennsylvania Board of Probation/Parole, Judgment in the amount of each defendant listed in the amount of 200,000.00 in damage for violation of plaintiff(s) right, $500,000.00 for loss wages, loss of home, $100,000,000 for placed in dept. 200,000.00 loss employment from Apple Bees and Bob Evans Rest., $10,000,000.00 in damages for mental, physical, and abuse, and for causing plaintif for having blood clots which are now life time unable to cure

_[signature]_
(Signature of Plaintiff)

CONT., (b):

b., Condition (3)(a):

Maintain regular contact with Parole Supervision Staff by reporting regularly as instructed and follow any written instructions of the Board and the Parole Supervision Staff, also

Failure to report to parole office on 11-6-15 as instructed on any date there after, than being declared delinquent.

4., On 12-24-17 a hearing was held at 9:00 a.m. at SCI Camp Hill, at the hearing was Amy Burrell, John Doe White Heavy Hearing Examiner but no Attorney to represent plaintiff pursuant to the parol Rules and regulation which states that plaintiff had a right to counsel.

5., Prior to the hearing the hearing examiner stated we couldn't get you a attornet, plaintiff stated I need a attorney to represent me today.

6., December 12th 2015 plaintiff arrived at SCI Camp Hill, the hearing was held December 24th 2015, under Procedures for Violation of Parole it states:

a., After a parolee is detained under a warrant he will be visited by agent within 72 hours which was not done, a hearing will be held within (14) days which was not done which was a violation of plaintiff(s) Due Process Rights.

b., The purpose of the hearing was to determine if Propable Cause Exist.

c., When plaintiff was denied Counsel and that was on the 13th day that the hearing was to be held, the Hearing Examiner on the 25th no hearing was held which ment that plaintiff should have been released.

7. Plaintiff was held by Pa. Dept. of Parole for almost (3) month while being held plaintiff filed Habeas Corpus to Court Common Pleas Cumberland County. Order came stated that the Court had no Jurisdiction Febuary 3rd 2016.

8. A number of Grievances was filed which was ignored to the Department od Corrections, dated 12-18-15 12-20-15, and a second hearing was held after the hearing examiner attempted allong with the agent Amy Burrell to get plaintiff to sign a waiver stating he needed to secure counsel, the hearing examiner forged statement that plaintiff needed to secure counsel which was false, both defendants stated that he needed to secure counsel, when in fact the both of them new that plaintiff had no time to secure counsel since the hearing was held on the 24th and plaintiff received the violations on the 22nd of December, which was not enough time to prepare for any hearing which involves one(s) freedom.

9. Hearing Examiner and Amy Burrell attempted to force me to sign for a continuance, when I refused they forged that I need to get a attorney.

10. Plaintiff arrived at the Correctional facility on December 12 2015, the vilations was not given to plaintiff until the 22nd of December on purpose, Bill Hanna attempted to cause my incarceration to remain longer that possible.

71.2 States:

11. Procedure for violation of Parole Conditions states:

71.2 (1) After parolee is detained,

   (ii) the hearing will be held with (14) days,

   (iii) the parolee has a right to speak, have witnesses, to appear on his his behalf and to present evidence.

(iv) the right to counsel,

(5)(iii) if counsel is not present but parolle desires counsel, that fact shall be documented by the examiner and acknowkledged by the parolee, the hearing examiner shall terminate the hearing proceedings.

(5)(i) Counsel for the hearing shall enter a written appearance which was not done.

12. After the haering aws over plaintiff filed a number of grievances which was never replied to, plaintiff was unable to get his property which was held by Matt Sheaffer and Amy Burrell at the District Parole Office 1130 Herr Street and they refused to give his property to his family even after he sent a Power of Attorney form to Amy Burrell and Matt Sheaffer.

13. Plaintiff contacted Lisa Mozart who refused to reply, when plaintiff(s) property which included his Credit Cards which he authorized Jamie a family member to get his property and was not allowed which caused plaintiff bills to go to credit dept. also he loss his home, his bank account was lenk to certain bills which drained his account and placed plaintiff on check systems and he no longer is able to open a bank account any longer.

14. Plaintiff (as result of being denied a fair hearing) still has dept with UGI, PPL Electric Company, Security Company, his Student Loan, was unable to receive UNEMPLOYMENT from both his employers at BOB EVANS and APPLE Bees, and still has Fines at District Judge Elizabeth S. Beckley due his Toyota in the empound and he was denied a hearing and kept incarcerated longer which caused fines to increase at her office, also fines increased which if plaintiff would have had a hearing, presented evidence let go

he would not have lost his home and bills would not have increase

15. While being denied a hearing plaintiff discovered he had (2) BLOD CLOTS which was caused because Electric Monitor placed on his leg cut off his circulation which caused blood clots to come and the prison refused to treat him correctly and the blood clots turned into more than would have been by Director LIsa fozart, Matt Sheaffer placing the monitor on plaintiff(s) leg resulting from failure to investigate accusations given by staff at Key Stone Correctional Facility.

16. After the first hearing was held, a second hearing was held o on 1-8-16 at 9:00 a.m. plaintiff requested witnesses which was denied by Bill Hanna who refused to contact Karen Reiss as he was asked by the hearing examiner, plaintiff contacted Karen Reiss a number of times never replyed about the witness list he requested in writing.

17. Rules of parole states that 71.2 that plaintiff parolee had a write to be heard, secure witnesses, right to counsel, which was denied by the Hearing examiner at the hearings that was held.

18. 71.2 states the purpose of the hearing is to determine if the probable cause exist.

19. After the hearing held 1-8-16 a second hearing was held, at that hearing the hearing examiner threatened plaintiff and forced him to sign a continuance without any attorney present.

20. Rules state that 71.2 of parole procedure, if counsel is not present hearing will be continued, that what plaintiff stated, he had a right to be released after the hearing was not held within 14 days.

21. After the hearing was held 1-8-16 at 9:00 a.m. a third hearin the hearing examiner stated will be held, "if you don't have a attorney you will have it any way" plaintiff still had no counsel and Amy Burrell stated " we should have the hearing any way" he hearing examiner stated "I will allow the continuance since we didn't serve him within twice 72 hours with his violations rules.

22. Rule 71.2 stated (5)(iii) counsel was not present (both Hearin examiner and Amy Burrell new this) the parollee desired a contuance, the examiner shall terminate the hearing, does not state I will be threatened and forced to sign any continuance.

23. A new hearing was held on 1-26-16 but was continued until 1-29-16, no hearing was ever held and plaintiff was never allowed to be given a fair hearing by the members of the Pennsylvania Board of Probation and Parole even after he filed complaint with District 19-1-01 Judge Charles A. Clements, Jr. on 1-8-2016.

24. During each hearing which plaintiff was denied he was payed .50¢ each day, was not allowed to work which caused his bills at home to build up and increase.

25. Plaintiff on 1-8-2016 plaintiff wrote the Attorney Generals Office and was told no assistance will be given to contact Parole which he had already done.

26. Plaintiff never signed any waiver, had a right to a hearing, and was denied a hearing because he had that right, after many attempts to contact parole he still was not assisted which was a vi violation of his right to a fair hearing by Parole Board and staf members.

27. As a last attempt plaintiff filed (M)tion for Writ of Habeas Corpus which was never granted,

28. Plaintiff facts are that he was denied Due Process of Law by members of the Board of Parole, the right to counsel, violation o of the Pennsylvania Board of Parole Rules and Regulations.

29. The Board Erred when they denied through their staff a right to a fair hearing, within (14) days, the results are lock downs, placed in the hole with out any write up for a accusation which p plaintiff was accused off prior to being placed in the whole.

30. Subject to routine body counts, body searches, being told to dend over and spread them, exposed his private parts while bendin over.

31. Plaintiff was arrested by defendants by parole warrant, the facts is that pursuant to 42 U.S.C. 1983 which provides that any person who under statute, regulation who caused a United States person harm under our constitutions and laws shall be liable to t that party.

32. Defendant Amy Burrell initiated a criminal proceeding a hearing which was not held and was not held within (14) days pursuant to Pennsylvania Board of Parole Rule 71.2, Amy Burrell stated pla intiff was missing when he was at work at Apple Bees and BOB Evan each and every day all she had to do is call either Rest and plai ntiff was there never missed any days.

33. Under 1983 plaintiff was false arrested, detained, prosecuted by parole agents, and no hearing was ever held by members of the parole board with out hearing which was Violation of his Fourteen th amendment Rights and Due Process of Law.

Dated: 12-16-2017

*[signature]*
CHALMERS A. SIMPSON, JR.
P.O. BOX 5533
Harrisburg, Pa. 17110