8/28/2016 §71.2. Procedure for violation of parole conditions.

Case 1:21-cv-01205-SHR Document 19-6 Filed 02/01/22 Page 1 of 12

Exhibit (E)(4)

The Pennsylvania

CODE  PREVIOUS · NEXT · CHAPTER TOC · TITLE TOC · BROWSE · SEARCH · HOME

Begin

## § 71.2. Procedure for violation of parole conditions.

(A) The following procedures shall be followed if a parolee, not already detained after appropriate hearings for other technical violations or criminal charges, has been charged with a technical violation:

  (1) After a parolee is detained under a Board warrant, the parolee shall be visited by a representative of the Board. The parolee shall be notified of the following:

   (i) The charges against the parolee specifying the conditions of parole violated.

   (ii) That a preliminary hearing will be held within 14 days and that the parolee will be notified of the exact date.

   (iii) The parolee's right to speak, to have voluntary witnesses appear and to present documentary evidence at the preliminary hearing.

   (iv) The right to retain counsel, and the name and address of the public defender of the county of confinement.

   (v) That the purpose of the hearing is to determine whether there is probable cause to believe that the parolee has committed a parole violation, and to resolve by admissions, agreements or stipulations as many factual matters as possible.

  (2) After the preliminary hearing is scheduled, the parolee and counsel shall be given a copy of the written notice of the charges and of the date and time of the hearing.

  (3) The preliminary hearing shall be held within 14 days of the detention of the parolee on the Board warrant.

  (4) The preliminary hearing shall be held before an examiner. The parolee has the right to be present during the entire proceeding, unless the parolee waives that right, refuses to appear or behaves disruptively.

  (5) When the parties are present and assembled for the preliminary hearing, the examiner shall verbally advise the parolee and counsel of the following: the parolee may retain counsel for the proceedings; the parolee may, with leave of the examiner, waive the right to the preliminary hearing; and, if the preliminary hearing is waived, the hearing may proceed as a violation hearing before the examiner, unless the parolee asserts the right to be heard by a panel at a violation hearing.

   (i) Counsel for the parolee shall enter a written appearance.

   (ii) A parolee may waive in writing the right to counsel.

   (iii) If counsel is not present but the parolee desires counsel, that fact shall be documented by the examiner and acknowledged by the parolee. The examiner shall terminate the proceeding. The preliminary hearing shall be held within 14 days.

(iv) If the parolee waives both the right to a preliminary hearing and the right to be heard by a panel at a violation hearing, both waivers shall be signed by the parolee. The examiner may follow the procedures governing violation hearings, and the Board may treat the proceeding as a violation hearing.

(v) If the parolee waives the right to a preliminary hearing but does not wish to waive the right to be heard by a panel, the examiner shall terminate the proceedings, and the parolee shall be scheduled to be heard by a panel at a violation hearing.

(vi) If the parolee does not wish to waive the right to the preliminary hearing and where a waiver of, or appearance by, counsel has been signed as prescribed in this section, the examiner shall conduct a preliminary hearing.

(6) A representative of the Board who is familiar with the facts which constitute the alleged violation shall be present to testify.

(7) The examiner shall make a summary which shall state:

(i) Which violations are supported by probable cause.

(ii) A summary of the evidence presented.

(iii) Which of the violations have been admitted, agreed to or stipulated.

(8) If the examiner finds that none of the allegations were supported by probable cause, the parolee shall be released as soon as practicable.

(9) If the examiner finds probable cause and is of the opinion that a violation hearing is warranted, the examiner shall initiate the scheduling of a violation hearing, if desired by the parolee or by the Board's representative to resolve remaining contested relevant facts.

(10) If a violation hearing is scheduled, it shall be held not later than 120 days after the preliminary hearing.

(11) Before the violation hearing the parolee or counsel shall be notified of the following:

(i) The charges, specifying the conditions of parole violated and setting forth the circumstances of the violations.

(ii) The date set for the hearing and of the right to be heard by a panel.

(iii) The right to speak, to have witnesses appear and to present documentary evidence.

(iv) The right to cross-examine an adverse witness who appears at the hearing, unless the panel or examiner specifically finds good cause for not allowing confrontation.

(v) The right to representation by counsel at the hearing, the right to free counsel, if the parolee is unable to afford to retain counsel, and the name and address of the public defender.

(vi) That there is no penalty for requesting counsel.

(12) If the parolee is unable to afford counsel, the Board will notify the appropriate public defender by transmitting a copy of the written notice given to the parolee.

Case 1:21-cv-01205-SHR Document 10-6 Filed 02/01/22 Page 3 of 12

037 Pa. Code § 71.2. Procedures for violation of parole conditions.

(13) The following procedures apply during a violation hearing:

  (i) A violation hearing shall be held before a panel, or, if the parolee has waived hearing by a panel, the hearing shall be held before an examiner other than the examiner who conducted the preliminary hearing, if practicable.

  (ii) The parolee has the right to be present during the entire proceeding, unless the parolee expressly waives that right, refuses to appear or behaves disruptively.

(14) If a parolee appears without counsel at the violation hearing, the panel or examiner shall determine whether the parolee understands the right to free counsel if unable to afford counsel, and that there is no penalty for requesting counsel.

(15) A representative of the Board who is familiar with the facts which constitute the violation shall be present to testify.

(16) If a violation hearing is conducted by an examiner, the examiner shall prepare a written report and file it with the other panel member for decision. The report shall state:

  (i) Which violations have been proved by a preponderance of the evidence.

  (ii) The evidence relied upon.

  (iii) A decision as to disposition and the reasons for it.

(17) If the hearing is before a panel, the panel shall act promptly.

(18) If revocation is ordered, the revocation decision shall specifically state the reasons for revocation. The decision shall be transmitted to the parolee or to counsel of record.

(19) The panel may not find that a violation was proved except by a preponderance of the evidence.

### Authority

The provisions of this § 71.2 issued under: section 506 of The Administrative Code of 1929 (71 P. S. § 186); and section 23 of the act of August 6, 1941 (P. L. 861, No. 323) (61 P. S. § 331.23); amended under section 506 of The Administrative Code of 1929 (71 P. S. § 186); and the act of August 6, 1941 (P. L. 861, No. 323) (61 P. S. §§ 331.1—331.34).

### Source

The provisions of this § 71.2 adopted August 4, 1972, effective August 14, 1972, 2 Pa.B. 1465; amended February 18, 1977, effective March 1, 1977, 7 Pa.B. 487; amended May 23, 1980, effective May 24, 1980, 10 Pa.B. 2049; amended September 12, 1980, effective September 13, 1980, 10 Pa.B. 3667; amended September 17, 1982, effective September 18, 1982, 12 Pa.B. 3290; amended January 15, 1988, effective January 16, 1988, 18 Pa.B. 250. Immediately preceding text appears at serial pages (104838) to (104843).

### Notes of Decisions

*Appeals*

If a petition charges that the Board misapplied paragraph (11), and thereby essentially charges the Board with mistakes of law and failure of the Board to act, the petitioner has properly sought review in the nature of a complaint in mandamus. *Donnell v. Board of Probation and Parole*, 434 A.2d 846 (Pa. Cmwlth. 1981).

### Application

Since the parolee remained in violation of the conditions of parole until parolee's arrest 9 months after the effective date of the amended rules, the 120-day time period of this amended section applied, rather than the 30-day time period of the previous paragraph (10) (relating to procedure for violation of parole conditions). *Slayton v. Board of Probation and Parole*, 394 A.2d 1084 (Pa. Cmwlth. 1978).

### Computation of Time

Where convict objected at his revocation hearing that the length of time between the first preliminary hearing and a second preliminary hearing exceeded 14 days, the time for a second hearing began to run when the convict was detained on the second warrant which contained a new charge not addressed at the original preliminary hearing. *Person v. Board of Probation and Parole*, 701 A.2d 1381 (Pa. Cmwlth. 1997); appeal denied 717 A.2d 1030 (Pa. 1998).

The 24-hour period within which a parolee is to be visited after a detainer by his parole agent does not include hours falling on a Saturday or Sunday and this same principle applies to the 72-hour period within which a parolee is to satisfy his agent of a parole violation, citing *Donnell v. Board of Probation and Parole*, 453 A.2d 36 (Pa. Cmwlth. 1982). *Dennis v. Board of Probation and Parole*, 532 A.2d 1230 (Pa. Cmwlth. 1987).

### Constitutional Rights

If the notice to the parolee alleged one ground for violation of parole and the Board actually revoked his parole on another ground, the parolee's due process rights have been violated. *Champion v. Board of Probation and Parole*, 395 A.2d 671 (Pa. Cmwlth. 1978).

### Continuance

When a parolee requested a continuance, but did not request in writing that the parole hearing be rescheduled, the 120 day rule did not start to run again. *Stevens v. Board of Probation and Parole*, 538 A.2d 108 (Pa. Cmwlth. 1988).

The 120 day rule requiring that a violation/revocation hearing not be held more than 120 days from the petitioner's preliminary hearing is waived when the pardon requests a continuance. *Dennis v. Board of Probation and Parole*, 532 A.2d 1230 (Pa. Cmwlth. 1987).

The terms "revocation hearing" and "violation hearing" have acquired specific meanings in the context of parole, thus the defendant's request for a "continuance of his violation/revocation hearing" related to both hearings and the delay caused by request for continuances will not be considered in determining timeliness of above-described hearings. *Tarrant v. Board of Probation and Parole*, 521 A.2d 997 (Pa. Cmwlth. 1987); appeal denied 535 A.2d 84 (Pa. 1987).

Under this section, Board of Probation and Parole is not responsible for any delay of timely scheduled hearing which is continued at the request of the parolee. *Nicastro v. Board of Probation and Parole*, 518 A.2d 1320 (Pa. Cmwlth. 1987).

The 120-day rule requiring a violation hearing is inapplicable when a petitioner or petitioner's attorney request a continuance. *Rodriquez v. Board of Probation and Parole*, 516 A.2d 116 (Pa. Cmwlth. 1986).

Where parolee had appeared at preliminary/detention hearing, requested continuance until disposition of then pending criminal charges and executed waiver of right to prior written notice of additional criminal charges for which parolee had not yet been officially arrested parolee's argument that his continuance request had been ineffective as to the additional criminal charges and that the subsequent parole revocation hearing was, as a result, untimely, was wholly frivolous and counsel was permitted to withdraw. *Reale v. Board of Probation and Parole*, 512 A.2d 1307 (Pa. Cmwlth. 1986).

The delay caused by the request of the parolee for a continuance will not be considered in determining whether the time limits have been met. *Corbin v. Board of Probation and Parole*, 399 A.2d 1202 (Pa. Cmwlth. 1979).

The preliminary hearing was timely since it was originally scheduled for a date which was only 12 days after the arrest of the parolee but was continued at the request of the parolee. *Adams v. Board of Probation and Parole*, 395 A.2d 1035 (Pa. Cmwlth. 1979).

## Counsel

Although a parolee was improperly denied counsel through the failure of the Board of Probation and Parole to include the hearing date in its notice of hearing, the parolee was later granted a proper hearing and the error of the Board was therefore made harmless. *McCloud v. Board of Probation and Parole*, 407 A.2d 484 (Pa. Cmwlth. 1979).

## Date Certain

The prisoner failed to prove that there was a clear right to have a date certain provided by the Board of Probation and Parole; thus, the prisoner's petition for a writ of mandamus must be denied. *Bostic v. Board of Probation and Parole*, 682 A.2d 401 (Pa. Cmwlth. 1996).

## Evidence

Where alleged parole violator told hearing examiner of desire for a full Board of Probation and Parole hearing, the examiner violated the regulations by proceeding to take testimony and rule on objections; since the examiner ruled on objections, the hearing tape forwarded for full Board consideration could not be considered analagous to a deposition transcript (wherein all testimony would be included subject to rulings by the Board on objections). *Hartman v. Petsock*, 509 A.2d 935 (Pa. Cmwlth. 1986).

## Evidence/Hearsay

Witness being "too busy" to attend is not sufficient to support finding of good cause for admitting hearsay testimony. *Wagner v. Board of Probation and Parole*, 498 A.2d 1007 (Pa. Cmwlth. 1985).

Admission of hearsay evidence at a revocation hearing over objection without a finding of good cause constituted reversible error and a witness being "too busy" to attend was not sufficient to support finding of good cause for admitting hearsay testimony. *Wagner v. Board of Probation and Parole*, 498 A.2d 1007 (Pa. Cmwlth. 1985); reversed and remanded, 522 A.2d 155 (Pa. Cmwlth. 1987).

The Board of Probation and Parole acceptance of purely hearsay evidence at a recommitment hearing was in violation of paragraph (16) as well as the parolee's rights to due process of law, unless the Examiner

or the Board specifically found grounds for not allowing the parolee to confront the witnesses against the parolee and enunciated those findings as part of the record of the case. *Razderk v. Board of Probation and Parole*, 463 A.2d 111 (Pa. Cmwlth. 1983).

The requirement of paragraph (16) prohibits the Board of Probation and Parole from admitting hearsay evidence obtained from an out-of-court declarant over objection without a finding of good cause for abridging the parolee's rights of confrontation and cross-examination. *Washington v. Board of Probation and Parole*, 458 A.2d 645 (Pa. Cmwlth. 1983).

The introduction of hearsay evidence at a revocation hearing was not improper unless the parolee objected to the admission of the hearsay evidence and it was admitted over parolee's objection without a finding of good cause. *Sinwell v. Board of Probation and Parole*, 406 A.2d 597 (Pa. Cmwlth. 1979).

The right of a parolee to confront and cross-examine adverse witnesses under paragraph (16) is denied if the evidence presented consists almost entirely of the hearsay testimony of parole agents and there is no specific finding of good cause for not allowing confrontation of other witnesses. *Kemp v. Board of Probation and Parole*, 402 A.2d 708 (Pa. Cmwlth. 1979).

*Evidence/Witnesses*

Following *Commonwealth v. Brady*, 507 A.2d 66 (Pa. 1986), the prior inconsistent statement of a nonparty witness may be admitted and relied upon as substantial evidence in a probation and parole revocation hearing. *Wilson v. Board of Probation and Parole*, 509 A.2d 1335 (Pa. Cmwlth. 1986).

Board of Probation and Parole's finding that parolee had violated condition 5A (non-use of controlled substances) was improper where no custodian or qualified witness testified in support of the hospital urinalysis report, as required by the rules of evidence, 42 Pa.C.S. § 6108(b) (relating to business records), and the Board made no finding of good cause, under paragraph (16), for the nonappearance of the witness. *Whitmore v. Board of Probation and Parole*, 504 A.2d 401 (Pa. Cmwlth. 1986).

Reliance upon affidavit evidence at preliminary hearing did not constitute denial of the process where parolee failed to request the witness' presence at the preliminary hearing under paragraph (1)(v) and where witness actually testified at the full violation hearing under paragraph (16). *Fallings v. Board of Probation and Parole*, 502 A.2d 787 (Pa. Cmwlth. 1986).

Where the witness was identified, so that the witness's life could not have been endangered any more by her physical presence at the hearing than it was by the witness's written statement, the court held that the Board of Probation and Parole had not shown good cause for the witness's absence and therefore the petitioner should not have been deprived of the right to confront and cross-examine the witness. *Tyson v. Board of Probation and Parole*, 479 A.2d 52 (Pa. Cmwlth. 1984).

Since the only basis of the charges was the affidavit of the arresting police officer, and since there was no finding of good cause for not requiring the presence of the officer at the hearing, those charges should not have been considered to have been proved. *Jones v. Board of Probation and Parole*, 408 A.2d 156 (Pa. Cmwlth. 1979).

*General Comment*

The Board of Probation and Parole's final action relative to charges of technical parole violations was not violative of the time limits set forth in paragraph (10) if no preliminary hearing was held. *Nicastro v. Board of Probation and Parole*, 455 A.2d 295 (Pa. Cmwlth. 1983).

If the Board of Probation and Parole conducts a violation hearing before a single examiner because a parolee previously waived his right to a quorum under paragraph (14)(i), the examiner must verbally readvise the parolee and his attorney of the parolee's right to be heard before a quorum of the board, and if the parolee still wishes to waive his right to a full board hearing and the examiner is satisfied that the waiver is knowing, intelligent and freely made, paragraph (14)(ii)(A) requires the examiner accept and make a part of the record a written waiver to that effect, but if, after being advised of his rights, the parolee wishes to be heard by a quorum of the Board, paragraph (14)(ii)(B) requires the examiner to document that fact, terminate the proceedings, return the parolee to custody, and initiate the scheduling of a full board hearing. *Laboy v. Board of Probation and Parole*, 459 A.2d 916, 917 (Pa. Cmwlth. 1983); 465 A.2d 78 (Pa. Cmwlth. 1983).

### *Good Cause*

If in a defendant's hearing before the parole revocation board, counsel objects to the admission of a laboratory report, the hearing examiner would have been required under Board of Probation and Parole's regulations and due process to make a good cause finding. *Vereen v. Board of Probation and Parole*, 515 A.2d 637 (Pa. Cmwlth. 1986).

### *Hearing Prejudicial*

It was prejudicial to the petitioner's case for the hearing examiner to state that he intended to dismiss two of the violations and subsequently find petitioner guilty of those same violations without an opportunity to present evidence on those violations. *Dennis v. Board of Probation and Parole*, 532 A.2d 1230 (Pa. Cmwlth. 1987).

### *Notice*

Notice of charges and hearing must only include sufficient information to afford parolee the alleged basis for revocation and enables petitioner to prepare a defense and need not include language describing the evidence to be proffered by the Board in support of a technical parole violation. *Mignone v. Board of Probation and Parole*, 545 A.2d 483 (Pa. Cmwlth. 1988).

The Board of Probation and Parole followed required procedure by including on its revocation order a notice indicating that a copy of the decision had been sent to the attorney who represented parolee at revocation hearing, and it was incumbent on petitioner to promptly request further legal representation by hearing counsel. *Snipes v. Board of Probation and Parole*, 527 A.2d 1080 (Pa. Cmwlth. 1987).

Notice of a parole revocation hearing is deemed sufficient if it is adequate, clear and spells out with particularity the alleged violation, the circumstances surrounding the violation, the condition violated and the time and place of the violation. *Plair v. Board of Probation and Parole*, 521 A.2d 989 (Pa. Cmwlth. 1987).

Although the general rule is that notice of a Board decision given to counsel is notice to the client, where there is no evidence of direct notice to the client and the public defender admits making no effort to inform client these are exceptional circumstances justifying an exception to the general rule. *Lewis v. Board of Probation and Parole*, 508 A.2d 644 (Pa. Cmwlth. 1986).

A parolee was not given adequate notice of a revocation hearing since it was originally scheduled to be a preliminary hearing but was changed to a revocation hearing after the parolee appeared for the preliminary

8/28/2016
037 Pa. Code § 71.2. Procedure for violation of parole conditions
Case 1:21-cv-01205-SHR Document 18-6 Filed 02/01/22 Page 8 of 12

hearing and informed the Board of Probation and Parole that parolee had been convicted of the new criminal charges. *Champion v. Board of Probation and Parole*, 399 A.2d 447 (Pa. Cmwlth. 1979).

### Notice of Revocation

A notice of revocation made subsequent to a revocation hearing, at which the parolee admitted a technical parole violation, which gave the admission as reason for revocation was sufficient to comply with the provision of paragraph (19). *Bunner v. Board of Probation and Parole*, 379 A.2d 1368 (Pa. Cmwlth. 1977).

### Preliminary Hearings

The primary purpose of the preliminary parole revocation hearing is to prevent unwarranted detention of the parolee; if a prisoner is not being detained because of a parole violation charge, no parole preliminary hearing is constitutionally required citing *Leese v. Pennsylvania Board of Probation and Parole*, 570 A.2d 641, 644 (1990); *Jones v. Board of Probation and Parole*, 952 A.2d 710, 712 (Pa. Cmwlth. 2008)

Where appellant was sentenced to a maximum sentence of less than 2 years, the court of common pleas had the authority to grant or revoke his parole under the procedures of 61 P. S. § 314 and Pa.R. Crim.P. 1409; therefore, neither the parole revocation procedures outlined in this section, nor the time limits therein, applied to appellant. *Commonwealth v. Ferguson*, 761 A.2d 613 (Pa. Super. 2000).

Where Board of Probation and Parole, acting as agent for State of Connecticut under the Uniform Act for Out-of-State Supervision (61 P. S. §§ 321—322), had afforded detained parolee a preliminary hearing, the Board also had a duty, as the agent for Connecticut, to provide a full Board hearing, providing the procedural rights owed by the principal. *Pugh v. Board of Probation and Parole*, 514 A.2d 284 (Pa. Cmwlth. 1986).

Where, after a parolee charged with a violation waives the right to a hearing by a quorum of the Board, the hearing examiner failed to readvise the parolee of the right to be heard by a Board quorum, as required by paragraph (14)(ii), the recommitment decision of the Board was vacated and remanded for a hearing before a quorum of the board. *Laboy v. Board of Probation and Parole*, 459 A.2d 916 (Pa. Cmwlth. 1983); 465 A.2d 78 (Pa. Cmwlth. 1983).

A criminal preliminary hearing or the detention hearing mandated by 37 Pa. Code § 71.3(1)(iv) (relating to arrest for a new criminal offense) must be held within 15 days, since § 71.3(9) requires the Board of Probation and Parole to follow the same procedures as those in paragraphs (1)—(8), and paragraph (3) requires a hearing to be held within that time. *Whittington v. Board of Probation and Parole*, 402 A.2d 1105 (Pa. Cmwlth. 1979).

### Preliminary Hearings/Timeliness

The failure to hold a preliminary hearing within 14 days of return to Pennsylvania is not per se prejudicial. Where a preliminary hearing was later held and Petitioner admitted the technical parole violation charges against him, and where he failed to aver or demonstrate any prejudice caused by the delay, the order of the Board of Probation and Parole will be affirmed. *McKenna v. Board of Probation and Parole*, 782 A.2d 1105 (Pa. Cmwlth. 2001).

Although this regulation requires that a preliminary hearing "be held within 14 days of the detention of the parolee on the Board warrant," 37 Pa. Code § 71.5 provides that "if the parolee is in custody in another

state, . . . the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." Thus, a prisoner who was returned to Pennsylvania on February 28, 1994, had a timely preliminary hearing when that hearing was scheduled for March 11, 1994. *Fulton v. Commonwealth*, 663 A.2d 865 (Pa. Cmwlth. 1996); appeal denied, 673 A.2d 337 (Pa. 1996).

Since parolee did not suffer any deprivation or prejudice as a result of Board of Probation and Parole's failure to hold a timely preliminary hearing, counsel's failure to object to untimeliness did not support claim of ineffective assistance of counsel. *Pickert v. Board of Probation and Parole*, 514 A.2d 252 (Pa. Cmwlth. 1986).

Where preliminary hearing was originally scheduled 12 days after the Board of Probation and Parole's warrant was lodged, but was continued due to petitioner's unavailability caused by petitioner's hospitalization, there was no violation of paragraph (1)(ii) (requiring that hearing be scheduled within 15 days of lodging of warrant). *Chancey v. Board of Probation and Parole*, 477 A.2d 22 (Pa. Cmwlth. 1984).

Where the petitioner was already properly detained and was subject to remain in detention regardless of the outcome of the preliminary hearing, petitioner was not prejudiced by the failure of the Board of Probation and Parole to comply with the 15 day requirement of paragraph (3) and the recommitment based upon such a violation was upheld. *Anderson v. Board of Probation and Parole*, 471 A.2d 591 (Pa. Cmwlth. 1984).

Where a parolee was charged with violating the conditions of parole, the Board of Probation and Parole was required to hold a preliminary hearing within 15 days of either the arrest of the parolee on a Board warrant, or the lodging of the warrant as a detainer at the facility where the parolee was confined. *Woods v. Board of Probation and Parole*, 469 A.2d 332 (Pa. Cmwlth. 1983).

If probable cause to believe that the parolee violated parole conditions is found to exist, paragraphs (9) and (11) require that a violation hearing, if determined to be warranted, be scheduled within 120 days of the preliminary hearing. *Woods v. Board of Probation and Parole*, 469 A.2d 332 (Pa. Cmwlth. 1983).

When a parolee is released from custody in another state, the Board of Probation and Parole must hold a preliminary hearing within 15 days of either the arrest of the parolee on the Board warrant or its being lodged as a detainer at the facility where the parolee is confined. *Keeler v. Board of Probation and Parole*, 464 A.2d 623 (Pa. Cmwlth. 1983).

In ruling that the time requirements of paragraphs (3) and (11) and § 71.3(8) are tolled while a parolee is in custody in another state or in Federal custody, the Court observed that, under 37 Pa. Code § 71.2(5), the parolee waived a preliminary and full Board of Probation and Parole hearing at the time the violation and revocation hearing was held. *Elliot v. Board of Probation and Parole*, 458 A.2d 1068 (Pa. Cmwlth. 1983).

Under Board of Probation and Parole regulations, parole violation hearings must be held not later than 120 days after a preliminary hearing. There is no corresponding time limit regarding rehearings, however. *Lewis v. Board of Probation and Parole*, 456 A.2d 729 (Pa. Cmwlth. 1983).

A parolee may not object to the timeliness of the preliminary hearing required by paragraph (3) after parole has been revoked at a violation hearing. *Donnelly v. Board of Probation and Parole*, 457 A.2d 145 (Pa. Cmwlth. 1983).

Failure to make objections to the timeliness of parole revocation hearings under paragraph (3) and § 71.3(1)(ii) prior to the revocation hearing constituted a waiver of those issues as grounds for challenging the validity of the parole revocation hearings ultimately held. *Nicastro v. Board of Probation and Parole*, 455 A.2d 295 (Pa. Cmwlth. 1983).

Delays in holding the hearing because of the vacation of the parole officer and because the parole officer was assaulted the day before the rescheduled hearing are not excusable grounds for not holding the hearing within the required 120-day period. *Capers v. Board of Probation and Parole*, 400 A.2d 922 (Pa. Cmwlth. 1979).

## Preliminary Hearings/Unnecessary

Preliminary hearing on charges of parole violations within 14 days of detention was not required where parolee was detained on new criminal charges. *Lanzetta v. Board of Probation and Parole*, 568 A.2d 283 (Pa. Cmwlth. 1989).

## Relief

In order to establish grounds for relief based on the failure of the Board of Probation and Parole to comply with notice and hearing procedures, it is necessary to allege, or the record must show, that the maximum expiration date of the original sentence was affected. *Simmons v. Board of Probation and Parole*, 381 A.2d 221 (Pa. Cmwlth. 1978).

## Res Judicata

The doctrine of res judicata applies to prevent the Board of Probation and Parole from holding a revocation hearing board on alleged technical violations of parole where the Board had previously held in favor of the parolee at a prior revocation hearing and no new evidence to support the alleged violations had since become apparent. *Knox v. Board of Probation and Parole*, 588 A.2d 79 (Pa. Cmwlth. 1991).

## Sentence within Range

The Board of Probation and Parole imposition of 48 months backtime for violation of conditions of parole pertaining to ownership of firearms and assaultive behavior was within the presumptive ranges and was supported by substantial evidence in the record sufficient to meet the burden of proof required by this section. *Chapman v. Board of Probation and Parole*, 484 A.2d 413 (Pa. Cmwlth. 1984).

## Technical Violations

Petitioner who was charged as a technical violator and not as a convicted violator was not entitled to a revocation hearing and the petitioner's due process rights were not violated. *Obringer v. Board of Probation and Parole*, 547 A.2d 449 (Pa. Cmwlth. 1988); appeal denied 557 A.2d 728 (1989).

## Timeliness

Where the parolee initially waived his right to a panel hearing, then later asserted it, he cannot complain that the hearing was not timely, even though the initial waiver was made upon the advice of an agent of the Board of Probation and Parole. *Fetter v. Board of Probation and Parole*, 808 A.2d 611 (Pa. Cmwlth. 2002), appeal denied 829 A.2d 1159 (Pa. 2003).

Continuances granted to the Commonwealth because of the unavailability of the victim-witness were reasonable and necessary, and the fact that the hearing was held after the 120-day period was not grounds for dismissal. *Majors v. Board of Probation and Parole*, 808 A.2d 296 (Pa. Cmwlth. 2002), appeal denied 816 A.2d 1103 (Pa. 2003).

This regulation addresses procedures to be followed when a violation of parole conditions is alleged; it does not limit the authority of the Board of Probation and Parole to recharge a parolee. *Person v. Board of Probation and Parole*, 701 A.2d 1381 (Pa. Cmwlth. 1997), appeal denied 717 A.2d 1030 (Pa. 1998), appeal denied 737 A.2d 745 (1999), February 25, 1999).

In calculating the number of days required to comply with the procedures for violation of parole conditions as set forth in 37 Pa. Code Chapter 71, the prescriptions of 1 Pa.C.S. § 1908 (relating to computation of time) are to be applied. Thus, Saturday and Sunday shall be excluded from computation in meeting the requirement that a parole officer visit the parolee within 24 hours of a Board of Probation and Parole warrant being lodged as a detainer. *Donnell v. Board of Probation and Parole*, 453 A.2d 36 (Pa. Cmwlth. 1982).

A parolee whose combined violation and revocation hearing was untimely as to the technical violation charges under paragraph (11) was not prejudiced thereby, because the revocation component of the hearing was timely, due to the fact that the limitation period for criminal parole violations provided by paragraph (2)(i) had not begun to run on the date of the hearing due to the parolee's interim county prison incarceration, and parolee's original maximum sentence was extended solely because of criminal, not technical, parole violations. *Hines v. Board of Probation and Parole*, 420 A.2d 381 (Pa. 1980).

Although the parolee did not receive a timely detention hearing as required by paragraph (3), the failure to raise the issue before the final revocation hearing means that the parolee has suffered a wrong for which there is no remedy. *Whittington v. Board of Probation and Parole*, 404 A.2d 782 (Pa. Cmwlth. 1979).

Since the parolee was being held outside the Commonwealth of Pennsylvania but was released upon the condition of returning to Pennsylvania and reporting to the Board, the parolee's failure to report delays the running of the time period for the hearing until parolee is within the jurisdiction of the Board. *Slayton v. Board of Probation and Parole*, 394 A.2d 1084 (Pa. Cmwlth. 1978).

The rule providing for a preliminary hearing within 15 days after the filing of warrant or detainer applies only where there has been no arrest for a new crime. *Washington v. Jacobs*, 386 A.2d 631 (Pa. Cmwlth. 1978).

The hearing must actually be held within 30 days rather than merely scheduled within 30 days. *Kemp v. Board of Probation and Parole*, 383 A.2d 568 (Pa. Cmwlth. 1978).

*Waiver*

The failure of the hearing examiner to conduct an adequate inquiry into the parolee's waiver of counsel at his revocation hearing, and the failure to fully advise the parolee of his right to counsel, make the waiver not a knowing one as required by § 71.2. *Worthington v. Board of Probation and Parole*, 784 A.2d 275 (Pa. Cmwlth. 2001).

The on-the-record colloquy required by Pa.R.Crim.P. No. 318 (relating to waiver of counsel) in criminal court is not a prerequisite for effective waiver of counsel in a parole revocation hearing; compliance by the

Board of Probation and Parole with its own regulations is sufficient. *Pitch v. Board of Probation and Parole*, 514 A.2d 638 (Pa. Cmwlth. 1986).

Record of extended exchange between parolee and Board of Probation and Parole members established that Board had complied with paragraph (15) and parolee had made a knowing, intelligent and free waiver of right to counsel at revocation hearing. *Oliver v. Board of Probation and Parole*, 494 A.2d 10 (Pa. Cmwlth. 1985).

A remand was required where the Board of Probation and Parole failed to make any findings or conclusions with regard to a petitioner's argument that the signature of the waiver of the preliminary hearing form and continuance request form was not petitioner's, thus making the violation hearing untimely because it was not held within 120 days of the preliminary hearing. *Davis v. Board of Probation and Parole*, 481 A.2d 714 (Pa. Cmwlth. 1984).

## Cross References

This section cited in 37 Pa. Code § 71.3 (relating to return for a new criminal charge).

---

No part of the information on this site may be reproduced for profit or sold for profit.

This material has been drawn directly from the official Pennsylvania Code full text database. Due to the limitations of HTML or differences in display capabilities of different browsers, this version may differ slightly from the official printed version.