UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHALMERS A SIMPSON, JR :
: CIVIL ACTION
v :
:
: (JUDGE SAPORITO, MJ)
VISION PROPERTY MANAGEMENT: NO 1:12-CV-01205
et al

FILED
HARRISBURG, PA
JUL 30 2021
PER _____
DEPUTY CLERK

STATEMENR OF JURISDICTION:

On July 8th 2021 plaintiff filed complaint against VISION PROPERTY MANAGEMENT, ALLEN INVESTMENTS AND CODES ADMINISTRATION of PENNSYLVANIA,

2) Plaintiff Chalmers A Simpson, Jr resides in HARRISBURG PENNSYLVANIA which is located in DAUPHIN COUNTY PENNSYLVANIA at 636 Curtin Street HARRISBURG, PA 17110,

3) Defendant VISION PROPERTY MANAGEMENT, LLC resides at 4668 Augusta Road in the CITY of Lexington South Carolina 29073 and VISION PROPERTY business partner ALAN INVESTMENTS III LLC and OWNER which sold plaintiff a rent to own home resides at 61 BERRY HILL ROAD Ste 200 City of COLUMBIA, SOUTH CAROLINA 29202,

4) And Dept of Codes Business Office is Located at the CODES ADMINISTRATION 10 N SECOND STREET ROOM 205 located in the CITY OF HARRISBURG, PA 17101,

5) On July 12th 2021 courts stated in ORDER that plaintiff must show cause as to why his complaint shall not be dismissed for

lack of subject matter jurisdiction and ORDERED plaintiff to reply by and/or 21 days,

I) Defendant Alan Investments III LLC and VISION PROPERTY MANAGEMENT LLC business operates in HARRISBURG, PENNSYLVANIA, which shall be under the laws of Pennsylvania which is located in HARRISBURG PENNSYLVANIA and collect incomes, money , money orders and checks from HARRISBURG PENNSYLVANIA residents since 2016 up to date,

II) Defendants ALAN INVESTMENTS III LLC AND VISION PROPERTY MANAGEMENTS LLC have operated properties, rent to own properties, sold properties and businesses in the City of HARRISBURG PENNSYLVANIA which is in DAUPHIN COUNTY PENNSYLVANIA since 2016 and/or longer,

III) The properties rented, sold and owned are advertized in the City of HARRISBURG, PANNSYLVANIA located in DAUPHIN COUNTY in PENNSYLVANIA, also the defendants have paid taxes in HARRISBURG PENNSYLVANIA, county and state, Bureau costs, mail costs, School costs, County costs, County Real Estate Costs, Municipal Costs, School Taxes CostsPayed Rental Registration Costs, which does verify that defendants have been operating and owned businesses in the City of HARRISBURG PENNSYLVANIA which is located in the County of DAUPHIN, see attached EXHIBITS (1)(1) thru (3)(1),

6) Defendant(s) have advertised by placing bill boards which did and does advertise their business, properties, locations of homes and properties in DAUPHIN COUNTY CITY OF HARRISBURG, PENN-SYLVANIA, advertise on internet, thru web sites, affiliated with a list of their properties in HARRISBURG PENNSYLVANIA to citizens

located in HARRISBURG PENNSYLVANIA,

7) Defendants have a web site to advertise rent to own propertys to rent, buy, rent to own located in DAUPHIN COUNTY PENNSYLVANIA,

JURISDICTION STATEMENTS:

The fact is that FEDERAL COURTS can entertain this suit involvin defendants in SOUTH CAROLINA which is VISION PROPERTY MANAGEMENT LLC and ALAN INVESTMENTS III LLC since both defendants have and did maintain continuance contact with this state, this court has general personal jurisdiction over both defendants, even if they are non residents, on these claims, see Perkins V Benguet Consol, Mining CO, 342 US 437, 445 (1957); IMO Indus, V Kierkert AG 155 F3d 245, 259 n,2 (3d Cir 1998),

GENERAL JURISDICTION:

8) In "PERKINS'" the Supreme Court held that Ohio asserted the personal jurisdiction over a foreign corporation even though the specific cause of action did not arise in the state because the corporations carried on "continuous and systenatic" activities in the state, "consisting of directors" meetings, business corres pondences, banking, stocks,transfers, payments from plaintiff for rent to own, and sales, renting properties,

9) Federal courts may accept jurisdiction if defendants did con- tinued engagedin extensive local advertising, advertising which did attract resident of Pennsylvania,in City of HARRISBURG, see Wims V Beach Terrace Motor Inn, Inc, 759 F Supp 264, 270 (ED Pa 1991), the court found that mailing of brochures to over 1000 of Pennsylvania(s) residents is pervasive contact would not be but

in the presant case before this court defendants continued contac thru phone calls each week, gave plaintiff directions how to fill out documents on phone, fax documents, came check out property to make sure plaintiff did what they stated from their offices.

JURISDICTION:

10) For these reasons it should be determined that even if the defendants reside in another state it should be determined that defendants does business in HARRISBURG PENNSYLVANIA located in DAUPHIN COUNTY,

11) The defendants had a verbal contract and legal contract with plaintiff, defendants continued to engage in activity which does constitute contact, defendant did continued to keep connected to plaintiff and continued to accept plaintiff money orders in the amount of $588,00 each month as payments for his rent to own home he now lives in.

REQUIREMENTS OF RELRA:

12) Plaintiff can prove that the defendant(s) did receive a real estate license which was required under RELRA, under Section 63 PS Section 455,201 defendant(s) did require both defendant(s) to take an examination before becoming licensed, to practice any type of real estate activity, also either defendant should have completed 240 hours estate instructions, and should have had atleast three years experience qualification to become a real estate sales person and/or company, also 75 hours in real estate instructions in area study by the rules of the REAL ESTATE COMMISSION,

13) All this would have to been done at the STATE REAL ESTATE COMMISSION which is located either ON LINE and/or PO BOX 2649 in the City of HARRISBURG PENNSYLVANIA which is located in DAUPHIN COUNTY or 2601 N 3rd STREET HARRISBURG PENNSYLVANIA 17110,

CHAPTER 781-RESIDENTIAL RENTAL PERMIT:

§ 781,00 The City of Harrisburg Pennsylvania states that a home prior to renting a home the home should be registered to ensure that the rental unit meets all applicable fire, health safety and zoning codes, the City of Harrisburg does require homes be registered within the City under CHAPTER 781 prior to renting the home which VISION PROPERTY MANAGEMENT who sold the home on 636 Curtin Street in HARRISBURG, PA 17110,

§ Under 781,02 ALAN INVESTMENTS III LLC who owned the home at 636 Curtin Street in Harrisburg, Pennsylvania 17110 had to get a PERMIT REGISTRATION FORM prior to VISION PROPERTY MANAGEMENT selling the home to plaintiff in 2016 in the City of HARRISBURG,

§ Under 781,04 Defendant ALAN INVESTMENTS III LLC after getting application aproved for the permit had to get the property inspected by City of HARRISBURG CODES ADMINISTRATION located at 10 N second Street Room 205 in HARRISBURG PENNSYLVANIA 17101 to complete the inspection at each home they rented every three (3) years, all this proves that ALAN INVESTMENTS who allowed VISION PROPERTY MANAGEMENT TO SALE different homes for him in the CITY of HARRISBURG PENNSYLVANIA, prior to the sale which involved both of the defendant(s) ALAN had to complete the application in the

City of HARRISBURG PENNSYLVANIA for each permit ALAN INVESTMENTS III LLC contacted VISION PROPERTY MANAGEMENT and both parties conspired to gether to sale propertites in HARRISBURG PENNSYLVANI to CITIZENS for profit,

14) See the licensing requirements in REAL ESTATE LICENSING AND REGISTRATION ACT, 63 P S $$455,101,902 RELRA-see which provides the licensing requirements for real estate in PENNSYLVANIA RELRA does require that defendants who did engage in the business of real estate which includes VISION PROPERTY MANAGEMENT who did act in the capacity as ALAN INVESTMENTS broker or sale person to be licenses and/or registered under 63 P S $ 455,301under the statute which defines:

"Any person who, for another and for a fee, commission or other valuable consideration:

(1) negotiates with or aids any person in locating or obtaining for purchase, lease or an acquisition of interest in any estate; and (2) negotiates the listing, sales, purchase, exchange, lease, time share and similarly designated interest, financing or option for any real estate; and

(3) manages any real estate; and

(4) represents himself to be a real estate consultant, counselor, agent or finder;

(5) undertakes to promote the sal, exchange, purchase or rental of real estate:

ARTICLE 1, SECTION 1 of the PENNSYLVANIA CONSTITUTION PROVIDES:

All men are born equally free and independent, and have certain

inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness:

FACTS OF THIS PRESENT CASE:

Defendants ALAN INVESTMENTS III LLC and VISION PROPERTY MANAGEMENT are both South Carolina residents own many properties in the City of HARRISBURG PENNSYLVANIA which is in DAUPHIN COUNTY, in the Nature of this Complaint for Relief plaintiff is living in HARRISBURG PENNSYLVANIA which is in DAUPHIN COUNTY, VISION PROPERTY did act as a contracter for ALAN INVESTMENTS which both did enter into a contract to rent, rent to own properties located in HARRISBURG PENNSYLVANIA in DAUPHIN COUNTY,

15) Defendants agreed to manage the properties, the bills and the buildings, accepted rental payments from plaintiff and other men and women in Pennsylvania, accept security deposits, subtracting their own commissions, ensure the properties was cleaned in the City of HARRISBURG PENNSYLVANIA, entered in to contracts with plaintiff and other DAUPHIN COUNTY residents, rented them the properties in HARRISBURG PENNSYLVANIA not SOUTH CAROLINA,

16) Plaintiff filed his Complaint in the UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA which is in DAUPHIN COUNTY in HARRISBURG PENNSYLVANIA and thats were plaintiff resides, that is the location of the properties defendants sold, rented, and the contract was entered thru faxes from defendants at CAREER LINK where plaintiff and VISION PROPERTY MANAGEMENT signed the contract that plaintiff will buy a rent to own home at 636 CURTIN

STREET in HARRISBURG PENNSYLVANIA,

17) Plaintiff contacted the STATE REAL ESTATE COMMISSION which states that if a party would rent, rent to own propertys in the PENNSYLVANIA the person needs to follow the RELRA LICENSE REQUIR- EMENTS in PENNSYLVANIA since the homes are in PENNSYLVANIA,

18) See ARSENAL COAL, 477 A2d at 1339, RELRA'S requirements are constitutional applied to VISION PROPERTY MANAGEMENT AND ALAN INVESTMENT III LLC, RELRA licensing requirements apply to both protects plaintiff a buyer and VISION PROPERTY MANAGEMENT a seler of real estate and engaged in that business, see Kalins V STATE REAL ESTATE COMM'N, 500 A2d 200, 203 (Pa Cmwlth 1985),

19) Defendant(s) had to under RELRA, The Real Estate License Act of 1929 since defendants was selling homes and sold plaintiff RENT TO OWN home to him they needed to be license in PENNSYLVANIA to do business of selling real estate to others, see Verona V Schenley Farms Co, 167 A 317, 318-19 (Pa 1933),

20) Defendant(s) rent properties at 636 Curtin Street HARRISBURG, PA 17110, 2510 Agate Street HARRISBURG, PA 17110, MACLAY STREET and JEFFERSON STREET HARRISBURG, PA 17110, to name homes owned by ALAN INVESTMENTS which was rented, rent to own and sold homes own by and part of the company VISION PROPERTY MANAGEMENT,

21) The courts has SUBJECT MATTER JURISDICTION since defendant does on going business in PENNSYLVANIA, both defendants have enga ged in business, alot of activity in PENNSYLVANIA, has alot of connections to PENNSYLVANIA, EXHIBITS (1)(1) thru (3)(1) does verify that defendant(s) pays bills, also EXHIBIT (2)(3) does verify that payed for RENTAL REGISTRATION up until 7/20/2021 it verify that ALAN INVESTMENTS failed to pay over $2,928,78 to keep the registration up dated which is a violation of the BUREAU OF

CODES ADMINISTRATION by failing to pay for the registration even after plaintiff payed rent to own fees each month for $588.00 to defendants VISION PROPERTY MANAGEMENT without any problems, WHEREFORE, jurisdiction can be based of the REAL PROPERTY OWNER-SHIP of the property which verify that JURISDICTION for the court should be proper, see EXHIBIT (24) contract with both defendants names on it:

Dated: 7/29/2021

*Chalmers A Simpson, Jr.*
CHALMERS A SIMPSON, JR
PO BOX 5533
HARRISBURG, PA 17110
717-317-4587

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHALMERS A SIMPSON, JR                :

                                      :      CIVIL ACTION
        V                             :

                                      :      (JUDGE SAPORITO, MJ)
VISION PROPERTY MANAGEMENT            :
et al                                        NO 1:12-CV-01205

## ORDER

AND NOW, this___day of_____,2021, IT IT HEREBY ORDERED, the above captioned matter is hereby:

___GRANTED


___DENIED




                                                          _____
                                                                              J

## PROOF OF VERIFICATION OF SERVICE

I Chalmers A. Simpson, Jr do hereby verify that any statements made herein are true and correct to the best of my ability information, knowledge and belief; and that any false statements made herein are made subject to the penalties of sections of 18 Pa. C.S. 4904 related to unsworn falsification to authorities.

Dated: 7/29/2021

*signature*

**CHALMERS A. SIMPSON, JR.**

## PROOF OF CERTIFICATION OF SERVICE

I Chalmers A. Simpson, Jr. do hereby certify and verify that a true and correct copy has been served to:

VISION PROPERTY MANAGEMENT
4668 Augusta Road
LEXINGTON, SC 29073

ALAN INVESTMENTS III LLC
61 BERRY HILL ROAD
Ste 200
COLUMBIA, SC 29202
or
PO BOX 488
COLUMBIA, SC 29202

DEPT OF CODES ADMINISTRATION
10 N SECOND STREET
2nd FLOOR/ROOM 205
HARRISBURG, PA 17101

Dated: 7/29/2021

*signature*

**CHALMERS A. SIMPSON, JR.**
P.O. BOX 5533
HARRISBURG, PA. 17110
717-317-4587